## DETERMINATION AS TO THE CHARACTER OF A WRITING.

Court of Appeals for Hamilton County.

J. WILLARD HALEY v. GRACE KING AND HAZEL Z. KING,
. ADMINISTRATRICES.*

Decided, June, 1914.

*Contract—Paper Writing in the Form of a Promissory Note Held to Be
—Defense of Adjudication—Not Denied by Allegation of Pendency
of the Cause in the Supreme Court.*

1. A writing binding the estate of the maker for a specified sum im-
mediately after her death in payment for services rendered and
to be rendered, is not a promissory note, but a contract under
which it would be necessary for the person named therein to prove
rendition of the services agreed to be rendered.

2. The defense that a claim has been adjudicated and all matters pend-
ing between said parties were included in said adjudication is not
denied by an allegation of the pendency of an action in the Su-
preme Court to reverse said judgment; nor is a denial of every
other matter not admitted a denial of the defense set up in the ac-
tion so pending in the Supreme Court.

*S. O. Bayless* and *Nelson & Hickenlooper*, for plaintiff in error.
*H. E. Engelhardt* and *R. M. Ochiltree*, contra.

SWING, J.; JONES, O. B., J., and JONES, E. H., J., concur.

This case is in this court on error to the judgment of the court
of common pleas.

It was in that court that Haley brought an action on what
he alleged was a promissory note, against the estate of Susan
M. Zilar, deceased. The note was in the following form:

"CINCINNATI, October 11, 1902.
"In consideration of valuable services rendered to me and to
be rendered for me by J. W. Haley in the management of my
property, and for his advice and assistance in preventing great
losses to me, I agree and bind myself to pay to said Haley, his
heirs or assigns ten thousand dollars, to be paid immediately

---

* Settled and dismissed in the Supreme Court without opinion at the costs of
defendants in error.

after my death, and I direct my executors or administrators to pay same accordingly. .

"(Signed) Susan M. Zilar."

Haley assigned the note to his wife, with the provision that if it became due during his lifetime he should have a right to collect the same; and then his wife afterwards re-assigned the note to him.

Several defenses were set up by the defendant—among others the giving of the note by Susan M. Zilar was denied; want of consideration was alleged; and the further defense that in an action pending between Susan M. Zilar and J. Willard Haley for an accounting, the question of the right arising under this paper were fully adjudicated and unreversed.

Plaintiff offered the note in evidence, together with evidence tending to show the signature was that of Susan M. Zilar, and the further fact that the note had been presented to the administratrices for allowance. And thereupon the plaintiff rested.

Defendant offered no testimony. Thereupon the court instructed the jury to bring in a verdict for the defendant.

In doing this, we think the court of common pleas did not err. In our judgment the alleged note is not a promissory note; it is a contract. This is rendered so by the provisions in the note that the consideration is for services rendered and to be rendered. And it would be necessary, in order for the plaintiff to recover, to show the rendition of the services agreed to be rendered. The note, with the endorsements thereon, lead us to think that it is a thoroughly dishonest transaction. In addition, we think there is virtually no denial of the defense set up that it has been adjudicated and that all matters between said Haley and Mrs. Ziler are included in the former action pending between said parties. The fact that Haley sets out that proceedings were pending in the Supreme Court to reverse said judgment, is not a denial to the allegations of the answer; and the further allegation in the reply that plaintiff denies every other allegation not admitted, can not be held to be a denial of the defense set up in the answer, for the reason that the allegation in the reply that proceedings are pending in the Supreme Court to

reverse said judgment, must be held to be the one that applies particularly to said defense.

We are thoroughly convinced that there is no merit in plaintiff's action and for the reasons hereinbefore stated we think the judgment should be affirmed.