In the Matter of Jani L. EVANS and Martin L. Evans.

Upon the Petition of Jani L. EVANS, Appellee, and concerning Martin L. EVANS, Appellant.

No. 60548.

Supreme Court of Iowa.

June 28, 1978.

Brian L. Gruhn of Humphreys & Associates, Cedar Rapids, for appellant.

Eugene J. Kopecky, County Atty., and Allan L. Harms, Asst. County Atty., for appellee.

Considered by MOORE, C. J., and MASON,* REES, UHLENHOPP and REYNOLDSON, JJ.

MOORE, Chief Justice.

Respondent-husband appeals from order vacating a modification order which had relieved him of any obligation to pay child support as provided in the original dissolution decree. We reverse and remand with directions.

The procedural context of this case can be very briefly summarized. The parties were married January 23, 1968. Petitioner (Jani) filed a petition for dissolution of marriage on January 5, 1972. In the petition she specifically alleged:

"4. The following minor child whose name and date of birth follows: Michael W. Evans, June 6, 1968, whose welfare may be affected by this controversy and who is now with the petitioner."

Respondent (Martin), a former full colonel in the military, filed no answer and on April 23, 1972 a decree of dissolution was entered by Judge Harold D. Vietor. It included:

"2. That petitioner is to have custody of the minor *children.*

"3. Petitioner shall be granted child support of $10.00 per week. All child support payments are to be made through the Clerk of this Court starting on the 28th day of April, 1972.

"4. That the Respondent is to have reasonable rights of visitation with the minor *children* at reasonable times and places." (Emphasis supplied).

The sole reference in the record to any child is that set out in paragraph 4 of the petition.

In 1974 Jani went on public welfare. At that time she made an assignment of her support payments to the Linn County Board of Social Services as required by Code section 598.34.

The matter lay dormant until early 1976 when Martin was ordered to show cause why he should not be held in contempt for his failure to pay child support. At this point, on April 5, 1976, he filed an applica-

* Serving after June 14, 1978 by special assignment.

tion to modify the original dissolution decree alleging he was not the father of the minor child and that the parties at all times had so agreed. Shortly thereafter he entered into a stipulation with his ex-wife which recited that he was not the father of the child. Attorney Jane McHarg of the Linn County "Friend of the Court", notarized this document which was filed with the clerk. Judge August F. Honsell modified the decree on April 29, 1976. He found the child was not respondent's and ordered: "That the Respondent shall not be obligated to pay child support and that the Respondent is not entitled to any rights of visitation with any child of the petitioner." The decree was approved as to form by Ms. McHarg. No appeal was ever taken from this order.

Subsequently the County Board of Welfare attempted to collect the back child support payments through garnishment proceedings. Martin filed a "motion to clarify" the modification decree to prevent this occurrence together with a motion for new trial and application for injunction on January 21, 1977. The County resisted these motions and filed a petition to vacate the modification order.

The matter then proceeded to hearing before Judge Robert Osmundson. An affidavit was submitted in evidence of Loren Hullinger who had been Martin's attorney when the dissolution decree was entered in 1972. The affidavit recited that prior to the original decree there was an "agreement" between the parties to the dissolution that Jani would not enforce support in consideration for Martin's nonexercise of his visitation rights. At the hearing Martin testified his ex-wife had never taken the position that Michael was his child. He explained the nature of their "agreement" and noted Mr. Hullinger was fully aware of its existence and the underlying reason for it. Jani took no part in the hearing.

Subsequently the court entered its findings, conclusions and decree on March 1, 1977. Judge Osmundson summarily overruled Martin's three motions and dissolved a temporary injunction which had prevented enforcement of the judgment for back support during the pendency of the lawsuit. He sustained the county's petition to vacate and ordered the decree of Judge Honsell was void and of no force and effect. The basis for this decision was a finding that no ground existed to upset the original decree. Additionally, Judge Osmundson stated that parental agreements which had the effect of making a child a public charge cannot be countenanced. Martin appeals.

Although not phrased precisely in this manner we believe that two issues are properly raised in this appeal. They are:

1. Whether Judge Osmundson erred in overturning the modification decree; and

2. Whether Judge Osmundson erred in denying Martin's attempt to secure relief from back due child support payments.

█ I. As to the modification proceeding, paternity could properly be litigated there since it was not expressly determined in the original dissolution action. This is consistent with our general standards applicable in a modification proceeding which we summarized in *Mears v. Mears,* Iowa, 213 N.W.2d 511, 515, as follows:

" * * * a divorce or dissolution of marriage decree will not be modified as regards child support provisions *unless it is proven by a preponderance of the evidence its enforcement will be attended by positive wrong or injustice* as a result of material and substantial changes in the circumstances since the date of the original decree or of any subsequent intervening proceedings which considered modification of the child support provisions of the original decree. *Spaulding v. Spaulding,* 204 N.W.2d 634, 635 (Iowa 1973) and authorities cited.

"The changed circumstances relied upon must be material and substantial, not trivial, more or less permanent or continuous, not temporary, *and must be such as were not within the knowledge or contemplation of the court when the decree was entered. * * *.*

"The cited cases have placed emphasis on 'what the decretal court actually knew, not on what the parties knew, or should have known or should have produced at the earlier trial.' *Warren v. Warren*, 191 N.W.2d 659, 661 (Iowa 1971). *Stated otherwise, if the parties knew of some fact at time of original decree or at time of a subsequent intervening proceeding which considered modification of child support provisions of such decree but the decretal court did not know of such fact, and this fact is being now advanced as a basis for modification, then that fact, if sufficient to cause a subsequent material change in circumstances, would be grounds for a modification.*" (Emphasis supplied).

Also see Annot., "Paternity Findings as Res Judicata", 78 A.L.R.3d 846, 851; Clark, Law of Domestic Relations, section 15.1, 492–494. Thus we believe Judge Honsell clearly had jurisdiction to consider the claim that Martin was not the father. It was not raised, litigated or decided in the original dissolution action.

II. Once the paternity issue was resolved, absent an appeal, familiar principles of res judicata bar further litigation. In the emerging area of "issue preclusion" we adhere to principles recently articulated.

■ Issue preclusion may be determinative only where four requirements are established:

(1) The issue concluded must be identical.

(2) The issue must have been raised and litigated in the prior action.

(3) The issue must have been material and relevant to the disposition of the prior action, and

(4) The determination made of the issue in the prior action must have been necessary and essential to the resulting judgment.

*Mauer v. Rohde*, Iowa, 257 N.W.2d 489, 497; *Truscheff v. Abell-Howe Co.*, Iowa, 239 N.W.2d 116, 132; *Bertran v. Glens Falls Insurance Company*, Iowa, 232 N.W.2d 527, 533.

■ Identity of parties is no longer always necessary to give validity to a claim of issue preclusion. *Schneberger v. United States Fidelity & Guar. Co.*, Iowa, 213 N.W.2d 913, 917. We have ceased requiring privity where the issue preclusion doctrine is invoked defensively against a party who was so connected in interest with one of the parties in the former action as to have had a full and fair opportunity to litigate the relevant issue and properly be bound by its resolution. *Mauer v. Rohde*, Iowa, supra; *Bertran v. Glens Falls Insurance Company*, supra; *Goolsby v. Derby*, Iowa, 189 N.W.2d 909, 913.

Applying these principles to the situation before us we hold the county was precluded from litigating the paternity issue once that issue was determined by Judge Honsell in the earlier modification proceeding. Particularly where a representative of the county notarized the stipulation between Martin and Jani and later approved the modification order subsequently entered, we cannot hold it was a "stranger" to that entire proceeding. See *Matter of Proc. For Pat. under Art. 5, Etc.*, 83 Misc.2d 25, 372 N.Y. S.2d 308.

■ III. Furthermore, because the modification judgment determined the personal status of paternity, it is conclusive in a subsequent litigation involving the same issue. 50 C.J.S. Judgments § 734, page 224; *Brown v. Marrelli*, Utah, 527 P.2d 230; *Ashley v. Ashley*, 118 Ohio App. 155, 193 N.E.2d 535, 539; Annot., "Paternity Findings as Res Judicata," 78 A.L.R.3d 846. The American Law Institute has thoroughly treated this entire problem in Restatement, Second, Judgments, section 74, Tentative Draft No. 3.

Judge Osmundson erred in overturning the order of Judge Honsell which was determinative of the paternity issue.

■ IV. Notwithstanding our conclusion trial court erred in vacating the modification decree, we still uphold its dismissal of Martin's "motion to clarify." Modification of a decree for support payments operates prospectively and not retrospectively.

Those payments which have accrued are vested and may not be taken away. *Pucci v. Pucci,* 259 Iowa 427, 431, 143 N.W.2d 353, 365; *Welch v. Welch,* 256 Iowa 1020, 1028, 129 N.W.2d 642, 646; *Delbridge v. Sears,* 179 Iowa 526, 531, 160 N.W. 218, 220. Consequently, Martin is liable for all child support accrued and vested between the dates of April 23, 1972 when the dissolution decree was entered and April 29, 1976 when the modification decree was entered.

This case is reversed and remanded with directions to reinstate the modification decree and enter judgment against Martin for the amount of accrued and vested child support payments.

REVERSED AND REMANDED WITH DIRECTIONS.