Michael J. HUNTER and Becky McMurry, Appellants,

v.

CITY OF DES MOINES, Iowa, Appellee.

No. 64505.

Supreme Court of Iowa.

Jan. 14, 1981.

Robert W. Pratt, Des Moines, for appellants.

J. M. Sullivan, Asst. City Atty., for appellee.

Considered by REYNOLDSON, C. J., and HARRIS, McCORMICK, ALLBEE and LARSON, JJ.

ALLBEE, Justice.

The important question which we confront in this appeal is whether offensive use of issue preclusion can be invoked where mutuality of the parties is lacking. The sole assignment of error here is predicated upon trial court's denial of plaintiffs' application for separate adjudication of law points; in that application they asserted defendant City of Des Moines should be precluded from relitigating the issues of its negligence and of proximate cause in this action due to a judgment obtained against it by a different plaintiff in a prior negligence action which arose from the same factual background.

On January 18, 1978, plaintiff Michael J. Hunter was involved in a collision in Des Moines with another vehicle while operating an automobile owned by plaintiff Becky McMurry. At the time of the mishap, Karen Wadle was a passenger in the automobile driven by Hunter. Following the accident, separate lawsuits were filed by Wadle and the plaintiffs. In addition to the driver of the other car,[1] both actions named the City of Des Moines as a defendant. The cause of action against the city in both cases was based upon its purportedly negligent failure to remove a snowpile in the vicinity of the intersection where the accident took place which allegedly obstructed the vision of the drivers involved. Plaintiffs did not attempt to join the Wadle lawsuit. Pursuant to Iowa R.Civ.P. 185, the city filed a motion to consolidate the two actions for trial, which was overruled. It then made application to this court for permission to appeal that ruling. The application, resisted by both Wadle and plaintiffs, was denied and the two actions proceeded separately. The *Wadle* case was the first to be tried, and resulted in a judgment against the city.

Plaintiffs then filed an amendment to their petition, in which they asserted that the judgment in the *Wadle* action precluded the city from relitigating the issues of its negligence and of proximate cause in this action. Plaintiffs followed with the application for separate adjudication of law points, in which, as before indicated, they requested a trial court ruling barring the city from contesting its negligence due to the prior adverse judgment in the *Wadle* case. Trial court denied this application, and the action proceeded to trial. Following submission of the case, the jury returned a verdict for the city. This appeal followed.

---

1. The driver of the other car settled at an early stage of the proceedings and is not involved in this appeal.

■ I. In general, the doctrine of issue preclusion[2] prevents parties to a prior action in which judgment has been entered from relitigating in a subsequent action issues raised and resolved in the previous action. "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Restatement (Second) of Judgments § 68 (Tent. Draft No. 4, 1977). As we have noted in prior cases, the doctrine may be utilized in either a defensive or an offensive manner.

The phrase "defensive use" of the doctrine of collateral estoppel is used here to mean that a stranger to the judgment, ordinarily the defendant in the second action, relies upon a former judgment as conclusively establishing in his favor an issue which he must prove as an element of his defense.

On the other hand, the phrase "offensive use" or "affirmative use" of the doctrine is used to mean that a stranger to the judgment, ordinarily the plaintiff in the second action, relies upon a former judgment as conclusively establishing in his favor an issue which he must prove as an essential element of his cause of action or claim.

In other words, defensively a judgment is used as a "shield" and offensively as a "sword."

*Goolsby v. Derby*, 189 N.W.2d 909, 913 (Iowa 1971); *see Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 n.4, 99 S.Ct. 645, 649 n.4, 58 L.Ed.2d 552, 559 n.4 (1979).

■ Traditionally, the presence of three prerequisites was required before the doctrine of issue preclusion could properly be applied in any given case: (1) identity of issues raised in the successive proceedings; (2) determination of these issues by a valid

final judgment to which such determination is necessary; and (3) identity of the parties or privity[3] (mutuality of estoppel). *Goolsby*, 189 N.W.2d at 913. Subsequent cases developed from these traditional prerequisites a four-factor standard to be utilized in determining the applicability of the doctrine. *See Schneberger v. United States Fidelity & Guaranty Co.*, 213 N.W.2d 913, 917 (Iowa 1973); *see also In re Evans*, 267 N.W.2d 48, 51 (Iowa 1978); *Bertran v. Glen Falls Insurance Co.*, 232 N.W.2d 527, 533 (Iowa 1975). Before issue preclusion may now be employed in any case, these four prerequisites must be established: (1) the issue concluded must be identical; (2) the issue must have been raised and litigated in the prior action; (3) the issue must have been material and relevant to the disposition of the prior action; and (4) the determination made of the issue in the prior action must have been necessary and essential to the resulting judgment. *Id.*

■ In addition to elaborating on the prerequisites to issue preclusion, this court has modified the traditional requirement of privity where the doctrine is invoked in a defensive manner. *Goolsby*, 189 N.W.2d at 913–17. Issue preclusion may properly be applied in that fashion as between nonmutual parties where the four prerequisites delineated above are satisfied and where the party against whom the doctrine is invoked defensively "was so connected in interest with one of the parties in the former action as to have had a full and fair opportunity to litigate the relevant claim or issue and be properly bound by its resolution." *Bertran*, 232 N.W.2d at 533; *see Larsen v. McDonald*, 212 N.W.2d 505, 507 (Iowa 1973). However, until now we have declined to modify the traditional requirement of mutuality with respect to offensive use of issue preclusion. *Bertran*, 232 N.W.2d at 533–34. In this case, we must again consider whether the requirement of mutuality should in

---

**2.** The term "issue preclusion" is used interchangeably with the term "collateral estoppel."

**3.** A "privy" in this context has been defined as "one who, after rendition of the judgment, has acquired an interest in the subject matter af-

fected by the judgment through or under one of the parties, as by inheritance, succession, or purchase." *Goolsby v. Derby*, 189 N.W.2d 909, 914 (Iowa 1971).

all instances remain a bar to the offensive use of issue preclusion by a litigant not a party or in privity with a party to the prior adjudication relied upon. This is because plaintiffs, non-parties to the *Wadle* judgment, seek to invoke the doctrine offensively, and it is undisputed that they fall outside the traditional definition of privity.

As is true where the doctrine is employed defensively, offensive use of issue preclusion may prevent needless relitigation and therefore promote judicial economy in some cases. Thus, strict adherence to the traditional requirement of mutuality in connection with the offensive use of issue preclusion may be unwarranted in appropriate circumstances. Nonetheless, other considerations support the adoption of a more restrictive modification of that rule than that which has been approved where the doctrine is invoked in a defensive manner. Two sound reasons for distinguishing between these applications of issue preclusion were noted by the United States Supreme Court:

> First, offensive use of collateral estoppel does not promote judicial economy in the same manner as defensive use does. Defensive use of collateral estoppel precludes a plaintiff from relitigating identical issues by merely "switching adversaries." (Citation omitted.) Thus defensive collateral estoppel gives a plaintiff a strong incentive to join all potential defendants in the first action if possible. Offensive use of collateral estoppel, on the other hand, creates precisely the opposite incentive. Since a plaintiff will be able to rely on a previous judgment against a defendant but will not be bound by that judgment if the defendant wins, the plaintiff has every incentive to adopt a "wait and see" attitude, in the hope that the first action by another plaintiff will result in a favorable judgment. (Citations omitted.) Thus offensive use of collateral estoppel will likely increase rather than decrease the total amount of

litigation, since potential plaintiffs will have everything to gain and nothing to lose by not intervening in the first action.

> A second argument against offensive use of collateral estoppel is that it may be unfair to a defendant. If a defendant in the first action is sued for small or nominal damages, he may have little incentive to defend vigorously, particularly if future suits are not foreseeable. (Citations omitted.) Allowing offensive collateral estoppel may also be unfair to a defendant if the judgment relied upon as a basis for the estoppel is itself inconsistent with one or more previous judgments in favor of the defendant. Still another situation where it might be unfair to apply offensive estoppel is where the second action affords the defendant procedural opportunities unavailable in the first action that could readily cause a different result.

*Parklane Hosiery*, 439 U.S. at 329–31, 99 S.Ct. at 650–51, 58 L.Ed.2d at 561–62. While cognizant of these distinguishing factors, the Supreme Court nonetheless concluded that the preferable approach in the federal courts would be to grant trial courts broad discretion in permitting offensive use of the doctrine, as opposed to precluding such application. Under the general rule adopted by the Supreme Court, offensive use of issue preclusion would not be allowed in cases where a plaintiff could easily have joined in the earlier action or where offensive application would be unfair to a defendant. *Id.* at 331, 99 S.Ct. at 651, 58 L.Ed.2d at 562.

A similar position was taken by the Restatement (Second) of Judgments. Under the Restatement approach, issue preclusion would properly be available in subsequent litigation by nonmutual parties under the following circumstances:

> A party precluded from relitigating an issue with an opposing party, in accordance with §§ 68 and 68.1,[4] is also preclud-

4. The text of section 68 of the Restatement, the general rule of issue preclusion, is set forth earlier in this opinion; section 68.1 delineates the following exceptions to that general rule:

> Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subse-

ed from doing so with another person unless he lacked full and fair opportunity to litigate the issue in the first action or unless other circumstances justify affording him an opportunity to relitigate the issue. The circumstances to which consideration should be given include those enumerated in § 68.1 and also whether:

(1) Treating the issue as conclusively determined would be incompatible with an applicable scheme of administering the remedies in the actions involved;

(2) The forum in the second action affords the party against whom preclusion is asserted procedural opportunities in the presentation and determination of the issue that were not available in the first action and that might likely result in the issue's being differently determined;

(3) The person seeking to invoke favorable preclusion, or to avoid unfavorable preclusion, could have effected joinder in the first action between himself and his present adversary;

(4) The determination relied on as preclusive was itself inconsistent with another determination of the same issue;

(5) The prior determination may have been affected by relationships among the parties to the first action that are not present in the subsequent action, or was based on a compromise verdict or finding;

(6) Treating the issue as conclusively determined may complicate determination of issues in the subsequent action or prejudice the interests of another party thereto;

(7) Other circumstances make it appropriate that the party be permitted to relitigate the issue.

Restatement (Second) of Judgments § 88 (Tent. Draft No. 2, 1975) (footnote added).

█ Mindful of the foregoing, we conclude that offensive application of the doctrine of issue preclusion should not invariably be precluded where mutuality of parties is lacking. Rather, we adopt as ours the position taken by Restatement (Second) of Judgments § 88 with respect to the use of issue preclusion in this context.

II. In determining whether the doctrine of issue preclusion could properly have been applied offensively in this case, we must first consider whether the four prerequisites necessary for utilization of the doctrine were sufficiently established. *See Bertran v. Glen Falls Insurance Co.*, 232 N.W.2d 527, 533 (Iowa 1975). *See generally In re Evans*, 267 N.W.2d 48, 51 (Iowa 1978).

*1. The issue concluded must be identical.* Both the *Wadle* petition and that filed by plaintiffs contained essentially identical allegations regarding the city's purported negligence, arising from a common nucleus of fact. Further, the city did not pursue

---

quent action between the parties is not precluded in the following circumstances:

(a) The party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment by an appellate court in the initial action; or

(b) The issue is one of law and (i) the two actions involve claims that are substantially unrelated, or (ii) a new determination is warranted in order to take account of an intervening change in the applicable legal context or otherwise to avoid inequitable administration of the laws; or

(c) A new determination of the issue is warranted by differences in the quality or extensiveness of the procedure followed in the two courts or by factors relating to the allocation of jurisdiction between them; or

(d) The party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the

initial action than in the subsequent action; the burden has shifted to his adversary; or the adversary has a significantly heavier burden than he had in the first action; or

(e) There is a clear and convincing need for a new determination of the issue (i) because of the potential adverse impact of the determination on the public interest or the interests of persons not themselves parties in the initial action, (ii) because it was not sufficiently foreseeable at the time of the initial action that the issue would arise in the context of a subsequent action, or (iii) because the party sought to be concluded, as a result of the conduct of his adversary or other special circumstances, did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action.

Restatement (Second) of Judgments § 68.1 (Tent. Draft No. 4, 1977).

defensively the issue of causal negligence on the part of Hunter in the second trial, a question which could have affected the identity of issue requirement. Under these facts, this initial prerequisite is satisfactorily established.

2. *The issue must have been raised and litigated in the prior action.* It is clear from the record that the issues of the city's negligence and of proximate cause were raised and litigated in the *Wadle* action.

3. *The issue must have been material and relevant to the disposition of the prior action.* The issues of the city's negligence and of proximate cause were clearly material and relevant to the disposition of the previous case, in that those issues constituted the bases for Wadle's claim against the city.

4. *The determination made of the issue in the prior action must have been necessary and essential to the resulting judgment.* From the above discussion it is manifest that this prerequisite is also satisfied.

We therefore conclude that the four general prerequisites for the application of issue preclusion are satisfied in this case. However, because plaintiffs seek to invoke the doctrine offensively where mutuality is lacking, we must additionally consider whether it may be utilized in that fashion here, guided by the Restatement position which we have today adopted. Under that approach, the questions which must next be answered are (1) whether the city was afforded a full and fair opportunity to litigate the issues of its negligence and of proximate cause in the *Wadle* action, and (2) whether any other circumstances are present which would justify granting the city occasion to relitigate those issues. Restatement (Second) of Judgments § 88 (Tent. Draft No. 2, 1975).

The record discloses nothing from which it could be inferred that the city lacked a full and fair opportunity in the prior action to litigate the issues in question. Indeed, there is no indication that a vigorous defense was not undertaken with respect to those issues. Thus, this aspect of the Restatement approach affords no basis for declining to apply issue preclusion offensively in this case.

■ However, among those circumstances delineated by the Restatement which may justify affording a party an opportunity to relitigate issues sought to be precluded is the situation where, as in this case, "the person seeking to invoke favorable preclusion ... could have effected joinder in the first action between himself and his present adversary." Restatement (Second) of Judgments § 88(3). *See also Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 331, 99 S.Ct. 645, 651, 58 L.Ed.2d 552, 562 (1979). Plaintiffs here could easily have effected joinder in the *Wadle* action, but failed to do so. That fact provides the basis for denying offensive application of issue preclusion in this case. Consequently, trial court's denial of plaintiffs' application for separate adjudication of law points, although premised upon other grounds, must be affirmed. *See Citizen's First National Bank v. Hoyt,* 297 N.W.2d 329, 332 (Iowa 1980) ("We are obliged to affirm an appeal where any proper basis appears for a trial court's ruling, even though it is not one upon which the court based its holding.").

In summary, we decide today that the absence of mutuality will no longer invariably bar the offensive application of issue preclusion. In cases where the four general prerequisites of the doctrine are satisfied, issue preclusion may be applied offensively where mutuality is lacking if it is determined that the party sought to be precluded was afforded a full and fair opportunity to litigate the issue in the action relied upon and that no other circumstances justify affording him an opportunity to relitigate that issue.

AFFIRMED.