**Benjamin Anthony HARRIS, Appellant,**

**v.**

**Richard JONES, John LePorte, Richard Broich, and City of Des Moines, Appellees.**

No. 89–1500.

Supreme Court of Iowa.

June 19, 1991.

Thomas Mann, Jr. of Mann & Mann, Des Moines, for appellant.

Patrick J. Hopkins of Austin, Gaudineer, Austin, Salmons & Swanson, Des Moines, for appellees.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, NEUMAN and ANDREASEN, JJ.

ANDREASEN, Justice.

This civil action against three police officers and the City of Des Moines arose out of a search and seizure and the subsequent suppression of a handgun in a criminal proceeding. Both parties seek further review of the court of appeals decision which affirmed the district court in part, reversed it in part and remanded the case for new trial. We vacate the court of appeals decision and affirm the district court.

## I. *Background.*

On September 25, 1986, Benjamin Harris was arrested for carrying a revolver in violation of Iowa Code section 724.4 (1985). Prior to his trial on the criminal charge, Harris moved to suppress the revolver as the product of an illegal search of a motor vehicle he was driving. The issue presented to the court was whether Harris had consented to the search. The parties agreed that, if Harris consented, the search was legal; if he had not, the search was illegal. At the suppression hearing Harris, his eleven-year-old daughter and his cousin testified that Harris had not consented to the vehicle search. The State called only one witness, one of the arresting officers, who testified that Harris had consented. Although the defendants claim that the other two officers and a private security guard who were at the scene would have testified that Harris consented to the

search, they were not called as witnesses at the suppression hearing. In January 1987, District Associate Judge Renda granted the motion to suppress the handgun and dismissed the criminal charge.

In March of 1988, Harris filed this action pursuant to 42 U.S.C. section 1983, seeking damages from the City and the officers who conducted the search and seizure. Harris subsequently moved for summary judgment, claiming that Judge Renda's suppression ruling conclusively established the search was illegal and that the officers were precluded from arguing the search was legal. The court denied the motion. Before trial, the defendants moved *in limine* that Judge Renda's live testimony, as well as his written ruling on the motion to suppress, be excluded. The court granted the motion. During trial, the court granted the City's motion to dismiss. The court submitted the consent issue to the jury. The jury found for the defendants, and the court entered judgment on the verdict for the defendants. Harris appealed; we transferred the case to the court of appeals.

The court of appeals held, two-to-one, that the district court had correctly declined to give preclusive effect to the suppression ruling. The court ruled that the district court did not abuse its discretion in excluding Judge Renda's live testimony. However, the court found the suppression ruling should have been admitted, and retrial was ordered. Both parties applied for further review. We granted both applications.

## II. *Issue Preclusion.*

Issue preclusion, also known as collateral estoppel, serves the "dual role of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552, 559 (1979). In this context, a privy is "one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under

one of the parties, as by inheritance, succession or purchase." *Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 n. 3 (Iowa 1981).

■ The doctrine of issue preclusion can be used both offensively and defensively. *Id.*

> It can be used as a shield by a new defendant against a plaintiff who was a party to the former litigation.... Or it can be used as a sword by a new plaintiff against a defendant who was a party to the former litigation.... It can never be used as a sword against a party who has not previously had his day in court.

*Whitley v. Seibel*, 676 F.2d 245, 248 n. 1 (7th Cir.1982) (citations omitted).

■ Formerly, the use of issue preclusion was restricted by the doctrine of mutuality of parties. *Parklane Hosiery*, 439 U.S. at 326, 99 S.Ct. at 649, 58 L.Ed.2d at 559. This doctrine held that neither party to an action could use a prior judgment to estop the other unless both were bound by the judgment. *Id.* This doctrine failed to recognize "the obvious difference in position between a party who has never litigated an issue and one who has fully litigated and lost." *Id.* We have abandoned the strict doctrine of mutuality in both offensive and defensive uses of issue preclusion. *Hunter*, 300 N.W.2d at 125. We are mindful, however, that it is a due process violation for a litigant to be bound by a judgment when the litigant was not a party or a privy in the first action and therefore never had an opportunity to be heard. *Parklane Hosiery*, 439 U.S. at 327, 99 S.Ct. at 649, 58 L.Ed.2d at 559. Thus, in general, issue preclusion should be applied only when the party against whom preclusion is asserted had a full and fair opportunity to litigate. *Parklane Hosiery*, 439 U.S. at 328, 99 S.Ct. at 650, 58 L.Ed.2d at 560. *See also Opheim v. American Interinsurance Exch.*, 430 N.W.2d 118, 121 (Iowa 1988) (issue preclusion was applicable where the issue was fully and fairly litigated even though the nonmutual party was not in the first action).

■ Clearly, the defendants in this action were not parties in the criminal proceeding. Harris's opponent there was the State of Iowa. The police officers had no control over the prosecution of the criminal case. They could not call witnesses, they could not direct the examination of the State's witnesses, nor could they cross-examine Harris's witnesses. The officers could not choose the counsel who represented the State at the suppression hearing. Nor could the officers appeal the ruling once it was made. Even officer Jones, who testified for the State at the suppression hearing, did not have a "full and fair opportunity to litigate" the consent issue. All he could do was answer the questions posed to him; he had no control over the litigation. *See Duncan v. Clements*, 744 F.2d 48 (8th Cir.1984). Furthermore, the defendants were clearly not in privity with the State when viewed under our definition of privity as stated in *Hunter*.

While it is true, as Harris argues, that a government official, sued in his official capacity, may be deemed to be in privity with the government, *see, e.g., Tait v. Western Md. Ry.*, 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405 (1932), we are aware of no case in which a person, sued individually, has been estopped to litigate an issue because of a ruling adverse to the State in a prior criminal prosecution. The district court correctly refused to grant the motion for summary judgment.

### III. *The Admissibility of the Suppression Ruling.*

■ The defendants in their motion *in limine* urged Judge Renda's suppression ruling should not be admitted as evidence because it was not relevant and its admission would be prejudicial. When granting the motion, the district court stated the suppression ruling was not admissible for the reasons urged by the defendants. Harris argues the suppression ruling was relevant and cites *Norton v. Adair County*, 441 N.W.2d 347 (Iowa 1989).

In *Norton*, an employee claimed her local union had breached its duty of fair representation in the handling of a grievance. One of the elements of this claim required

that she prove that she was discharged without proper cause. *Id.* at 356. After her discharge, Norton applied for unemployment benefits through Job Service. In an administrative proceeding, Job Service found she had not engaged in misconduct and was therefore entitled to unemployment benefits. Norton offered testimony regarding the Job Service case and the written Job Service decision was received as an exhibit. Though the Job Service decision was not dispositive on the fair representation claim, we determined that the finding that Norton had not engaged in misconduct was probative as to the discharge without "proper cause" issue. We held the district court had not abused its discretion by allowing introduction of this evidence. *Id.* at 358.

 Assuming the suppression ruling is relevant, we conclude the district court did not abuse its discretion in granting the defendants' *in limine* motion. The determination of relevancy of evidence rests within the sound discretion of the trial court and will be reversed only upon a showing that such discretion has been abused. *Norton,* 441 N.W.2d at 357. Evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Iowa R.Evid. 403. The balancing decision under rule 403 is a matter for the trial court's discretion. *Kelly v. Iowa State Educ. Ass'n,* 372 N.W.2d 288, 299 (Iowa App.1985) (citing *State v. Williams,* 360 N.W.2d 782, 787 (Iowa 1985)). The relevancy of the suppression ruling would be marginal at best, yet the unfair prejudice which could result from the jury learning that a judge had found the search illegal is potentially very great. In determining the consent issue, a jury would likely rely heavily upon the judge's decision to the detriment of all other evidence. The court did not abuse its discretion in excluding the suppression ruling.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.