# IN THE COURT OF APPEALS OF IOWA

No. 14-1815
Filed September 23, 2015

**STACY RAE HAND-HANSON,**
    Petitioner-Applicant,

**vs.**

**JOHN MICHAEL HAND-HANSON,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Des Moines County, Cynthia H.

Danielson, Judge.

A mother appeals the dismissal of her petition to overcome paternity.

**REVERSED AND REMANDED.**

Robert J. Engler of Robberts, Kirkman & Engler, L.L.L.P., Burlington, for

appellant.

John M. Hand-Hanson, Burlington, appellee pro se.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the dismissal of her petition to overcome paternity.

## I.    Background Facts and Proceedings

Stacy Hand-Hanson and John Hand-Hanson married and later divorced. At the time Stacy filed the dissolution petition, she was pregnant. She attested to her belief that John was "the natural father, as well as the established father because of [the] marriage." John responded by asking the court to "reserve ruling on [the issue of paternity] until the" birth of the child. He stated it was "likely" another man—Rick Stanley—was the child's father. He asked for a DNA test "to confirm the parentage."

Meanwhile, Stacy gave birth to the child. The district court issued a temporary order noting John disputed paternity, but deeming him the father because the child "was born during the course of the marriage." The court granted Stacy temporary sole legal custody of the child.

Following trial, the district court listed the children of the marriage, including the child born during the proceedings, and found "[p]aternity of the aforementioned minor children is not in dispute." The court granted the parties joint legal custody and joint physical care of the children. Stacy elected to share her periods of physical care with Stanley.

In time, Stacy filed a petition to overcome paternity. John underwent a paternity test, which established he was not the biological father. Stanley filed an affidavit expressing a desire to "be legally established as [the child's] biological father" and agreeing to support the child financially.

Following a hearing, the district court concluded the prior dissolution decree constituted "issue preclusion" on the question of the child's paternity. The court specifically stated, "Stacy is now legally prohibited from challenging John's paternity established in the dissolution of marriage action, and attempting to establish [the child's] paternity in another." Stacy's petition to overcome paternity was dismissed.

On appeal, Stacy contends the district court erred in relying on the doctrine of issue preclusion, because no party raised the doctrine.

The doctrine of issue preclusion "prevents parties to a prior action in which judgment has been entered from relitigating in a subsequent action issues raised and resolved in the previous action." *Fischer v. City of Sioux City*, 654 N.W.2d 544, 546 (Iowa 2002) (citing *Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981)). The doctrine must be pled and proven by the party asserting it. *Id.* at 548.

In this case, the doctrine was neither pled nor proven by any party to the action. Stacy made no mention of the dissolution proceeding in her petition. And John answered and agreed to a paternity test but also did not cite or allude to the court's findings and conclusions in the dissolution decree. Accordingly, the doctrine was not properly before the district court and could not be used as a basis for the court's decision. *See Bertran v. Glens Falls Ins. Co.*, 232 N.W.2d 527, 532 (Iowa 1975) (reversing where doctrine was raised by motion in limine rather than pleadings); *see also Fischer*, 654 N.W.2d at 549-50 (concluding petitions could not be construed broadly to encompass the doctrine of issue preclusion and doctrine was not tried by consent).

We reverse the district court dismissal of Stacy's petition to overcome paternity on issue preclusion grounds and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**