# IN THE COURT OF APPEALS OF IOWA

No. 16-1278
Filed July 6, 2017

WILLIAM L. BURKHALTER, CYNTHIA A. BURKHALTER, and MATTHEW BURKHALTER,
    Plaintiffs-Appellants,

vs.

U.S. BANK, N.A., CEDAR RAPIDS, IOWA, individually and as a Trustee of the LOUIS D. BURKHALTER JR. REVOCABLE TRUST,
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Linn County, Patrick R. Grady, Judge.

Plaintiffs appeal from an order granting the defendant's motion for partial summary judgment. **AFFIRMED.**

Peter C. Riley of Tom Riley Law Firm, P.L.C., Cedar Rapids, for appellants.

Patrick M. Roby, Paula L. Roby, and Nicholas J. Kilburg (until withdrawal) of Elderkin & Pirnie, P.L.C., Cedar Rapids, for appellee U.S. Bank, N.A.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

Louis Burkhalter, Jr., established a revocable trust benefitting his son, William. The trust named William's spouse, Cynthia, and William's son, Matthew, as beneficiaries after William's death. U.S. Bank, Cedar Rapids, served as trustee. Shortly before Louis's death, he amended the trust to add his son Steven as an additional beneficiary of the trust. After Louis's death, William filed suit against Steven and U.S. Bank to challenge the amendment adding Steven as an additional beneficiary of the trust. William alleged Louis lacked capacity to amend the trust and Steven exerted undue influence on Louis. William eventually dismissed U.S. Bank as a party. The matter was tried to a jury, and the jury found against William on his claim for undue influence. The jury's verdict was affirmed in *Burkhalter v. Burkhalter*, 841 N.W.2d 93, 94 (Iowa 2013).

This case arises out of the same general circumstances as the first case. In the present proceeding, William, Cynthia, and Matthew filed suit against U.S. Bank, claiming the bank breached its fiduciary duty owed to them as beneficiaries of the trust by permitting Louis to modify the trust agreement when Louis was subject to Steven's undue influence. The district court granted the bank's motion for summary judgment based on the preclusive effect of the prior proceeding. The plaintiffs claim the district court erred in granting summary judgment because issue preclusion is inapplicable under the facts and circumstances of this case.

"We review rulings that grant summary judgment for corrections of errors at law." *Luana Sav. Bank v. Pro-Build Holdings, Inc.*, 856 N.W.2d 892, 895 (Iowa 2014) (citing *Parish v. Jumpking, Inc.*, 719 N.W.2d 540, 542 (Iowa 2006)).

"Summary judgment is appropriate when there is no genuine issue of material fact, and the burden of showing the lack of a genuine issue is on the moving party." *Parish*, 719 N.W.2d at 542–43 (citing *Fischer v. UNIPAC Serv. Corp.*, 519 N.W.2d 793, 796 (Iowa 1994)). "A fact is material if it will affect the outcome of the suit, given applicable law." *Id.* (citing *Fischer*, 519 N.W.2d at 796).

"Whether the elements of issue preclusion are satisfied is a question of law." *Grant v. Iowa Dep't of Human Servs.*, 722 N.W.2d 169, 173 (Iowa 2006). To invoke issue preclusion the invoking party must establish:

> (1) the issue concluded must be identical; (2) the issue must have been raised and litigated in the prior action; (3) the issue must have been material and relevant to the disposition of the prior action; and (4) the determination made of the issue in the prior action must have been necessary and essential to the resulting judgment.

*Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981).

When issue preclusion is invoked defensively, "the party against whom the doctrine is invoked . . . '[must have been] so connected in interest with one of the parties in the former action as to have had a full and fair opportunity to litigate the relevant claim or issue and be properly bound by its resolution.'" *Id.* (quoting *Bertran v. Glen Falls Ins. Co.*, 232 N.W.2d 527, 533 (Iowa 1975)). Defensive use of issue preclusion is when "a stranger to the judgment, ordinarily the defendant in the second action, relies upon a former judgment as conclusively establishing in his favor an issue which he must prove as an element of his defense." *Id.*

This is the archetypal case in which issue preclusion applies. In the prior suit, Matthew sued Steven to establish undue influence. A jury found there was no undue influence, and the jury's verdict was affirmed on appeal. Now, William has added his spouse and son as additional plaintiffs and asserts the bank is

liable to them because it failed to prevent Steven's undue influence, which a jury has already determined did not occur. The fact that the spouse and son were not parties to the prior suit is immaterial. The spouse and son's interests in the litigation are derivative of William's and are so connected in interest with William's that it can be fairly said they have had a full and fair opportunity to litigate the relevant claim or issue and be properly bound by its resolution. We can add little to the thorough and well-reasoned order of the district court granting the defendant's motion for partial summary judgment and order denying the plaintiff's motion to reconsider and/or enlarge and amend. The district court carefully considered the parties' arguments and each of the elements of issue preclusion, and we agree with the district court's rationale and conclusions. The judgment of the district court is affirmed without further opinion. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**