M. W. H. MORLING, Appellant,

v.

James SCHMIDT, Appellee.

No. 64133.

Supreme Court of Iowa.

Dec. 17, 1980.

John D. Brown of Berkland & Brown, Emmetsburg, for appellant.

No appearance for the appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, LARSON and SCHULTZ, JJ.

LeGRAND, Justice.

This is a forcible entry and detainer action brought by plaintiff under the provisions of ch. 648, The Code, to challenge defendant's right to possession under an oral lease. Although finding defendant's possession was unlawful, the trial court held plaintiff had failed to bring his action within thirty days from the date defendant wrongfully entered the premises (§ 648.18, The Code) and dismissed the petition. We reverse and remand for further proceedings in accordance herewith.

Plaintiff orally leased a tract of land to defendant in 1975 solely to graze cattle. None of the land was under cultivation. The term of the lease was for the "pasture year of 1975" and the rent was $300. The lease was orally renewed for 1976, 1977 and 1978. In March or April of each year, defendant would place cattle on the land for grazing, and he would remove them around November of each year.

During the summer of 1978, plaintiff began work to bring the land under cultivation, draining the sizeable slough located thereon and employing help to tile the ground. He notified defendant on November 6, 1978, that his lease was terminated. Defendant responded that he "planned" to continue using the land in 1979, asserting plaintiff's notice was ineffective because it did not comply with section 562.5, The Code, requiring that notice of termination of farm leases be given not later than September 1.

In November 1978 defendant removed his cattle as was his usual custom. He left some personal property on the premises including fencing, a feeder, a water tank, an electric motor, and a pump jack. Defendant also paid the minimum charge for electrical power during the winter months.

Early in April, plaintiff had the property surveyed and staked for tiling purposes. Shortly thereafter defendant moved his cattle back onto the property. They quickly destroyed all surveying stakes and other evidence of the work plaintiff had done.

■ On May 3, 1979, plaintiff served defendant with a three-day notice to quit. When defendant ignored the notice, plaintiff filed a petition in forcible entry and detainer. Defendant raised the notice requirements of section 562.5, The Code, as a defense. The trial court ruled against him, holding that this statute was not applicable because the land was not under cultivation. We agree that notice under section 562.5 is required only when the land is both occupied and under cultivation. The land in question was not cultivated. It was used for grazing only. The trial court was right in so ruling. *See Paulson v. Rogis*, 247 Iowa 893, 895, 77 N.W.2d 33, 35 (1956); Black's Law Dictionary, at 454 (Rev. 4th ed. 1968).

■ Trial court further ruled, however, that plaintiff's cause of action was barred because he had not brought it within the time permitted by section 648.18, The Code. The correctness of this ruling depends on whether defendant's wrongful possession began on November 6, 1978, when notice of termination was given, or the following April, when defendant placed his cattle on the land. If the former, the action was not timely; if the latter, it was. We believe plaintiff is right in saying his action did not mature until April, 1979. We therefore reverse the trial court.

The lease was made for the "pasture year." Defendant says this meant the *full* year beginning each April. Plaintiff says it meant only the usual time during which cattle may be grazed, approximately from April through November. Defendant's only purpose in leasing the land was to graze his cattle. The land was not suitable for cultivation and cultivation was not contemplated. Defendant used the land each year only during the grazing season. The rest of the time it remained vacant. Each Novem-

ber defendant removed from the premises, returning the following spring under a renewed lease. Both the terms of the lease and the conduct of the parties support the plaintiffs.

In November, 1978, defendant followed the usual pattern of taking his cattle off the land. Thus it would have been premature for plaintiff to bring an action to dispossess one not then in possession. *Rudolph v. Davis*, 239 Iowa 372, 30 N.W.2d 484, 486 (1948). The wrongful possession began when defendant returned the following spring. Plaintiff commenced suit within thirty days from that date. His suit therefore was timely brought. *Thomas v. Brodsack*, 215 N.W.2d 503, 505 (Iowa 1974).

■ Defendant's other defense is that the presence of the items of personal property left on the land when he removed his cattle in November continued his actual possession of the land, which he never relinquished. We do not agree. The property was left there for his own convenience. It did not constitute an act of control or dominion over the property. *See Warren v. Yocum*, 223 N.W.2d 258, 260–61 (Iowa 1974). It is true defendant asserted a right to grazing privileges the next year, but even if he prevailed on this claim, his right would have begun, as usual, in April. He was not entitled to possession between "pasture years." The rights of the parties must be measured from defendant's reentry onto the land. Plaintiff's action was brought within thirty days of that date and was timely under section 648.18, The Code.

This is an equitable action tried de novo. On the record here we conclude that defendant's possession was unlawful and that plaintiff was entitled to evict him. The judgment is reversed, and the case is remanded for entry of such a decree.

REVERSED AND REMANDED.