**Lynn DORSEY, Plaintiff–Appellant,**

v.

**Darlene DORSEY, Defendant–Appellee.**

**No. 94–1619.**

Court of Appeals of Iowa.

Feb. 2, 1996.

---

Martin L. Fisher of Fisher, Fisher, & Fisher, P.C., Adair, for appellant.

John M. Trewet of Kluever, Van Ginkel & Trewet, Atlantic, for appellee.

Heard by SACKETT, P.J., HABHAB, J., and SCHLEGEL, Senior Judge.*

SACKETT, Presiding Judge.

Plaintiff-appellant Lynn Dorsey appeals from an adverse judgment in his suit against defendant-appellee Darlene Dorsey claiming damages for the breach of an oral lease. Plaintiff contends the issue of his right to possession was resolved in an earlier forcible entry and detainer action and the trial court should have found he was entitled to a notice under Iowa Code section 562.7 (1993). We affirm.

For a number of years plaintiff rented seventy acres of land from defendant. The seventy acres included fifty-two acres of pasture for which plaintiff paid a fixed cash rent. The balance of the seventy acres, some eighteen acres, was cropland and plaintiff rented it under a crop-share lease on a fifty-fifty basis.

On August 28, 1992, defendant sent a letter to plaintiff advising him the land may not be available for rent the next year. On February 24, 1993, Suhr purchased the seventy acres from defendant. On April 26, 1993, defendant told plaintiff in writing she had sold the land so he would not get to rent it.

Suhr took possession of the fifty-two-acre pasture on May 10, 1993, and put cattle there. Plaintiff filed a forcible entry and detainer action against Suhr. Defendant was not a party to that action. The case was presented on stipulated facts. The matter came on for trial. On June 7, 1993, the trial court determined defendant did not terminate plaintiff's lease for the 1993–94 crop year. The court further found Suhr knew plaintiff was in possession and, without plain-

---

* Senior judge from the Iowa Court of Appeals serving on this court by order of the Iowa Supreme Court.

tiff's permission, entered into possession. The court returned plaintiff to possession on June 10, 1993. Plaintiff stayed in possession until the fall of 1993. He used the pasture and farmed the eighteen acres on a fifty-fifty basis. He paid no rent for the use of the pasture.

This suit was subsequently brought by plaintiff in January 1994. Plaintiff contended defendant breached her lease to rent the seventy-acre tract to him for the crop year ending March 1, 1994. He contended he had rented the land in the prior year and his lease was never terminated. He claimed $11,292.69 in damages.

Defendant filed a counterclaim contending plaintiff owed her rent which he had not paid for 1993.

Plaintiff farmed the eighteen acres of cropland during the 1993–94 crop year. This suit involves only plaintiff's alleged damages for breach of his lease to rent the fifty-two acres of pasture.

The trial court found plaintiff and defendant had a lease for the farmland and defendant notified plaintiff on April 26, 1993, she had sold the land and his possession was terminated. The court found the buyer took possession on May 10, 1993, but plaintiff sued and took possession of the land on June 10, 1993, and had possession of the land until the fall of 1993.

The trial court found tenancy of the pasture was not a farm tenancy as contemplated under Iowa Code section 562.7 and plaintiff was only a tenant at will. The trial court held plaintiff was entitled to a thirty-day written notice of termination and, because he received notice on May 26, 1993, he was only entitled to thirty days possession of the pasture after that time. The trial court further found plaintiff had not paid any rent for the pasture for the crop year 1993.

The trial court found plaintiff had been damaged in the amount of $880 for the twelve-day period when Suhr interfered with his use of the pasture. The trial court found plaintiff had continued to occupy the pasture beyond the term and had not paid rent for same and entered judgment in favor of de-

fendant on her counterclaim in the amount of $1855.

Plaintiff appeals. He contends the issue of his right to lease the pasture was decided in the forcible entry and detainer suit. He further contends the trial court incorrectly found he was only a tenant at will as to the fifty-two acres of pasture.

Plaintiff first contends issue preclusion precludes the trial court in this case from relitigating the issue of his entitlement to a notice under Iowa Code section 562.7 for the fifty-two acres of pasture. He relies on *Hunter v. City of Des Moines*, 300 N.W.2d 121 (Iowa 1981), to support his proposition we should apply issue preclusion and adopt the holding of the Iowa district court in the forcible entry and detainer suit and find he was entitled to possession of the entire seventy acres for the 1993–94 crop year.

■ The doctrine of issue preclusion prevents parties to a prior action in which judgment has been entered from relitigating in a subsequent action issues raised and resolved in the previous action. *Hunter*, 300 N.W.2d at 123. Traditionally, the presence of three prerequisites was required before the doctrine of issue preclusion could properly be applied in any given case: (1) identity of issues raised in the successive proceedings; (2) determination of these issues by a valid final judgment to which such determination is necessary; and (3) identity of the parties or privity (mutuality of estoppel). *Id.* Subsequent cases have developed from these traditional prerequisites a four-factor standard to be utilized in determining the applicability of the doctrine. *See Schneberger v. United States Fidelity and Guar. Co.*, 213 N.W.2d 913, 917 (Iowa 1973); *see also, In re Evans*, 267 N.W.2d 48, 51 (Iowa 1978).

■ Before issue preclusion may now be employed in any case, four prerequisites must be established: (1) the issue concluded must be identical; (2) the issue must have been raised and litigated in the prior action; (3) the issue must have been material and relevant to the disposition of the prior action; and (4) the determination made of the issue in the prior action must have been necessary

and essential to the resulting judgment. *Hunter,* 300 N.W.2d at 123.

■ Defendant was not a party of the forcible entry and detainer suit. Issues can be available in subsequent litigation by non-mutual parties under certain circumstances. *Id.* at 124–25.

■ Before issue preclusion can be used against non-mutual parties, we must consider whether: (1) treating the issue as conclusively determined would be incompatible with an applicable scheme of administering the remedies in the actions involved; (2) the forum in the second action affords the party against whom preclusion is asserted procedural opportunities in the presentation and determination of the issue that were not available in the first action and that might likely result in the issue being differently determined; (3) the person seeking to invoke favorable preclusion, or to avoid unfavorable preclusion, could have effected joinder in the first action between himself and his present adversary; (4) the determination relied on as preclusive was itself inconsistent with another determination of the same issue; (5) the prior determination may have been affected by relationships among the parties to the first action that are not present in the subsequent action, or was based on a compromise verdict or finding; (6) treating the issue as conclusively determined may complicate determination of issues in the subsequent action or prejudice the interests of another party thereto; and (7) other circumstances make it appropriate that the party be permitted to relitigate the issue. *Id.*

There are several reasons why the trial court was correct in refusing to apply issue preclusion in this case. First, the issue here is not identical to the issue raised in the prior proceedings. In the forcible entry and detainer action, there was a finding defendant did not terminate plaintiff's lease to the entire seventy acres for the 1993–94 crop year. Although plaintiff's right to possession of the land was an issue, the issue of whether plaintiff was entitled to a notice under Iowa Code section 562.7 for the pasture was not. A finding plaintiff was entitled to notice under section 562.7 was not necessary to the validi-ty of the judgment in the forcible entry and detainer action.

Secondly, defendant was not a party to the prior action. Where mutuality is lacking, there are questions which must be asked including: (1) was defendant afforded a full and fair opportunity to litigate the issues of termination of the lease in the forcible entry and detainer action, and (2) are other circumstances present which would justify granting defendant the occasion to relitigate those issues, including whether the person seeking to invoke favorable preclusion could have effected joinder in the first action between himself and his present adversary. *See Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 331, 99 S.Ct. 645, 651, 58 L.Ed.2d 552, 562 (1979). Plaintiff could easily have joined defendant in the other action but failed to do so.

■ Thirdly, the forcible entry and detainer action was tried on stipulated facts. Thus, the same procedural opportunities available in this action were not available in the first action. These are sufficient reasons for denying offensive application of issue preclusion in this case. We need not consider the other reasons for denying. We affirm the trial court on this issue.

Plaintiff's next contention is the trial court improperly separated the pasture ground from the lease for the crop ground. He contends the lease for the seventy acres was a hybrid lease for pasture ground and crop ground and should have been considered one lease. He contends he should have had the required notice under section 562.7 for all seventy acres. Plaintiff points to *Dopheide v. Schoeppner,* 163 N.W.2d 360 (Iowa 1968), where the court dealt with a lease that included both pasture and crop ground and, in remanding the case for a resolution of the term of the lease, did not attempt to separate the pasture ground from the crop ground.

■ If the land is leased as pasture land, then a tenant is not necessarily entitled to notice under the statute. In *Morling v. Schmidt,* 299 N.W.2d 480 (Iowa 1980), land was leased solely to graze cattle, no land was under cultivation, and the lease was for what was termed a "pasture year." The court in

*Morling,* 299 N.W.2d at 481, said for notice to be required under the Iowa Code, it was necessary the land be "both occupied and under cultivation." The court found notice under section 562.7 not necessary in *Morling.* *Id.*

The pasture land here was not under cultivation and the trial court found the parties treated it as a separate lease from the crop-share lease, not as a part of the crop-share lease.

■ The issue on appeal is not whether a *tenant is entitled to notice under section 562.7 where there is a hybrid lease for crop ground and pasture.* The trial court found the pasture lease to be a separate lease. There was conflicting testimony as to whether the land had been leased as two parcels or as one. It was an oral lease and the trial court found there were two separate leases. The negotiations were oral and informal; the evidence as to the intention with which the agreement was reached is both disputed and conflicting. Under these circumstances, the issue of whether there was one lease or two was for the determination of the fact finder. *See Dopheide,* 163 N.W.2d at 363. Therefore, the only question before us is whether there is substantial evidence supporting the trial court's determination the pasture lease was a lease separate from the crop-share lease. *See Tewes v. Pine Lane Farms, Inc.,* 522 N.W.2d 801, 804 (Iowa 1994). There is substantial evidence to support this conclusion. The trial court is affirmed.

**AFFIRMED.**