**Evelyn R. GARNAS, Appellant,**

v.

**Mary Ellen BONE, Roberta A. Ausenhus, and John E. Ausenhus, Appellees.**

No. 99–1726.

Supreme Court of Iowa.

Dec. 19, 2001.

Michael G. Byrne of Winston & Byrne, PC, Mason City, for appellant.

John H. Greve, Northwood, for appellees.

LARSON, Justice.

Clarence Ausenhus and Robert Garnas, predecessors to the present parties in this case, began a farm rental relationship under an unwritten agreement beginning in approximately 1958. In 1985 the parties executed a written lease. The 1985 lease was renewed for the following crop year. In 1987 Ausenhus and Garnas enrolled in the Conservation Reserve Program (CRP) for the crop years 1987 through 1996. As part of the CRP agreement, the tenant was to receive fifteen percent of the CRP proceeds for mowing the land. During the CRP period, both the original landlord and the original tenant died. Enrollment in the CRP was terminated in August 1996 by agreement of the parties. The parties had discussions in November 1996 concerning arrangements for the 1997 crop year, but no agreement was reached. In April 1997 the owner executed a lease with new tenants, and this action followed.

The plaintiffs contend that the 1985 lease remained in force during the ten-year CRP enrollment and then, following termination of the CRP agreement, through the crop years of 1997, 1998, and 1999 because notice of termination had not been served on the tenant as required by Iowa Code section 562.6 (1997). The trial court ruled that the tenant was not entitled to notice of termination because she had merely been mowing the land pursuant to the CRP agreement and therefore was not cultivating it so as to require notice of termination under the statute. *See Dorsey v. Dorsey,* 545 N.W.2d 328,

331–32 (Iowa Ct.App.1996) (tenant's use of land for pasture not "cultivation" for purposes of termination notice).

On appeal the parties argue several issues, including whether the land was under cultivation for notice purposes. However, we believe one issue raised by the defendant is dispositive: when the parties replaced their farm lease with the CRP agreement, the parties mutually abandoned their 1985 lease agreement, and no notice of termination under section 562.6 was required to terminate it. It is unrealistic to believe that a preexisting lease was somehow held in suspension during the ten-year period of the CRP enrollment and then automatically reimposed on the parties so as to require a notice of termination. We therefore affirm the ruling of the district court, although on a different ground.

**AFFIRMED.**