# IN THE COURT OF APPEALS OF IOWA

No. 15-0683
Filed May 11, 2016

**GARY N. PORTER and LORI PORTER,**
    Plaintiffs-Appellees,

**vs.**

**RICHARD L. HARDEN and JANICE HARDEN,**
    Defendants-Appellants.
_____

Appeal from the Iowa District Court for Wayne County, Paul R. Huscher,

Judge.

Tenants subject to eviction appeal claiming their horse rendered their

leasehold a "farm tenancy" subject to farm tenancy termination requirements.

**REVERSED AND REMANDED.**

Richard L. Harden and Janice Harden, Lineville, appellants pro se.

Verle W. Norris, Corydon, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Does a grazing horse a farm make?  The district court answered no.  On appeal, tenants subject to eviction argue their horse rendered their leasehold a "farm tenancy" subject to farm tenancy termination requirements.

## I.    *Background Facts and Proceedings*

The Porters own an acreage in Wayne County.  The Hardens lived on the acreage for approximately twenty-four years.  In prior litigation, this court concluded no binding oral contract existed for the sale of the acreage to the Hardens.  *See Harden v. Porter*, No. 12-2293, 2014 WL 969970, at *1 (Iowa Ct. App. Mar. 12, 2014).

After the ownership issue was resolved, the Porters sent the Hardens a thirty-day notice of termination of their "possessory interest and occupancy of said residence and premises."  *See* Iowa Code § 562A.34(3) (2015).  On the expiration of the thirty-day period, they sent the Hardens a three-day notice to quit.  *See id.* § 648.3(1).  They followed up with a forcible entry and detainer action to evict the Hardens from the property.  *See id.* § 648.1(2).

The Hardens filed an answer asserting they "occupied the property for agricultural purpose" and because their "occupancy ha[d] been in the nature of a Farm Tenancy . . . any termination [notice] . . . must be served prior to September 1st and must fix termination to take place on the following 1st of March."  They also filed a separate action for improvements.

At the eviction hearing, the parties stipulated that the Hardens had been in possession of the property for at least twenty-four years; they were found not to be the owners or purchasers of the property; the Porters served them with a

thirty-day notice of termination of the tenancy and a three-day notice to quit; there was no rental agreement or rent paid after the notice of termination was sent; and the Hardens had a thirty-eight-year-old horse that was grazed on the premises. It was also undisputed that the property was less than forty acres.

The district court concluded the grazing of Hardens' horse did not establish a farm tenancy. The court further concluded the Porters "complied with the requirements of the Iowa Code regarding the termination of a tenancy at will" and were "entitled to the removal of the [Hardens] from the premises" after the separate action for improvements was resolved.

On appeal, the Hardens argue (1) their grazing horse constituted a farm tenancy, rendering the notice they received insufficient; (2) their action based on improvements they made to the property barred the eviction action; and (3) there were other owners of the acreage who should have been named as indispensable parties.

## II.    Creation of Farm Tenancy

A farm tenancy is "a leasehold interest in land held by a person who produces crops or provides for the care and feeding of livestock on the land, including by grazing or supplying feed to the livestock." *Id.* § 562.1A(2). Livestock is defined as "an animal belonging to the . . . equine . . . species." *Id.* § 717.1(4). If a leasehold meets the definition of a farm tenancy, a notice to terminate the leasehold must be delivered "on or before September 1" for termination on March 1. *Id.* §§ 562.5, .7.

Under the undisputed facts, the Hardens owned, cared for, and grazed a horse on the leasehold property. They satisfied the definition of "livestock" under

section 717.1(4) and the definition of "farm tenancy" under section 562.1A(2). Accordingly, a notice received by September 1, prescribing termination on March 1 would appear to be required. *See id.* § 562.5, .7.

The Porters argue a farm tenancy notice was unnecessary because "the residence which [Hardens] occup[ied]" was "not used for livestock production" and grazing a horse was "ancillary to the main use of the property which is residential." Their argument would have held sway before 2006, when section 562.5 limited the notice of termination required in farm tenancies to cases of "tenants occupying *and cultivating* farms." *See* Iowa Code § 562.5 (2005) (emphasis added). The Hardens concededly were not "cultivating" a farm at the time the notice of tenancy termination was sent. They were simply grazing a horse. *See Morling v. Schmidt*, 299 N.W.2d 480, 481 (Iowa 1980) (rejecting argument that section 562.5 notice was required to evict a tenant who was grazing cattle on leased land, reasoning "notice under section 562.5 is required only when the land is both occupied and under cultivation. The land in question was not cultivated. It was used for grazing only").

But, in 2006, the legislature amended section 562.5 by replacing "tenants occupying and cultivating farms" with "a farm tenancy." The legislature added the "farm tenancy" definition set forth above, which expanded coverage to "the care and feeding of livestock on the land," without a numerical or "primary purpose" limitation. *See* Iowa Code § 562.1A(2) (2015). In short, notwithstanding the facial appeal of the Porters' argument, the present iteration of the farm tenancy provision does not require livestock production or a primarily agricultural purpose.

That said, recent amendments to chapter 562 appear to complicate the analysis. In 2013, the legislature added an exception to the farm tenancy notice requirement. The exception is not contained in section 562.5, the provision governing termination of farm tenancies, but in section 562.6, titled "Agreement for termination."[1] This provision allows tenancies to continue beyond an agreed term under the same terms as the original lease unless a farm tenancy termination notice is provided but excludes farm tenancies of less than forty acres from the notice requirement "where an animal feeding operation is the primary use of the acreage." "'Animal feeding operation' means a lot, yard, corral, building, or other area in which animals are confined and fed and maintained for forty-five days or more in any twelve-month period, and all structures used for the storage of manure from animals in the operation." *See id.* § 459.102(4) (incorporated by reference in section 562.1A(1)).

At first blush, this amendment seems to bolster the Porters' contention that no farm tenancy notice of termination was required. However, a predicate to application of this language is missing. By the Porters' own admission, the Hardens' primary use of the acreage was not as an "animal feeding operation." As noted, they assert the Hardens "main use" was "residential." For this reason, the 2013 amendments do not further the Porters' cause.

We are left with unambiguous statutory language rendering this acreage a "farm tenancy." Under the plain terms of sections 562.5 and 562.7, a September

---

[1] The provision was amended again on April 13, 2016, effective July 1, 2016, to limit its applicability to "a written" agreement. *See* 2016 Ia. Legis. Serv. H.F. 2344.

notice of termination of the tenancy as of March 1 would appear to be required, even though the farm tenancy is premised on the grazing of a single horse.

While it may seem absurd to deem this tenancy a farm tenancy, "we will not ignore clear legislative language merely because it leads to a result that seems contrary to the court's expectations." *Sherwin-Williams Co. v. Iowa Dep't of Revenue*, 789 N.W.2d 417, 427 (Iowa 2010).[2] We conclude the Hardens had a farm tenancy and the Porters were required to provide them with a notice of termination that comported with sections 562.5 and 562.7. The Porters essentially concede such a notice was not given. Because proper notice was a precondition to eviction, we reverse and remand for dismissal of the forcible entry and detainer action. In light of our disposition, we find it unnecessary to address the remaining issues raised by the Hardens.

**REVERSED AND REMANDED.**

---

[2] The court also said the plain meaning of a statute is not conclusive "where a literal application of the statute will produce a result *demonstrably at odds* with the intention of the drafters." *Sherwin-Williams Co. v. Iowa Dep't of Revenue*, 789 N.W.2d 417, 429 (Iowa 2010) (quoting *Sutherland Statutory Construction* § 46:4, at 178). While the result is contrary to our expectation, we cannot conclude the clear legislative language is "demonstrably at odds" with the drafters' intent.