PIAZZA ET AL., APPELLEES, *v.* R. & S. SARVER, INC. ET AL., APPELLANTS.

(No. 47585—Decided June 25, 1984.)

*Emil J. Vlad,* for appellees.
*Michael L. Thal,* for appellants.

ANN MCMANAMON, J. This appeal proceeds from an order of the Cleveland Municipal Court which appointed a receiver to aid in the execution of a civil judgment rendered against appellants.

The record discloses that on July 6, 1982 the appellees, Vincent and La Verne Piazza, obtained a $39,460 judgment against appellants, R. & S. Sarver, Inc. and Russell and Sarah Sarver, in the Court of Common Pleas of Cuyahoga County. On August 18, 1982 the appellees transferred this judgment to the Cleveland Municipal Court and subsequently filed a motion for appointment of a receiver for the appellants' business assets. A stay of execution was granted by the municipal court pending a hearing in the common pleas court on a motion by appellants to vacate judgment.

On September 9, 1983 this stay was lifted and the appellees' motion for appointment of a receiver was granted by the municipal court. Appellants bring a timely appeal from that order citing one assignment of error.[1]

Appellants argue that a receiver should not have been appointed by the municipal court until the motion to vacate judgment and stay proceedings previously filed in the common pleas court had been ruled upon.

R.C. 2329.02 provides in part:

"Notwithstanding any other provision of the Revised Code, any judgment issued in a court of record may be transferred to any other court of record. Any proceedings for collection may be had on such judgment the same as if it had been issued by the transferee court."

Indisputably both the Court of Common Pleas of Cuyahoga County and the Cleveland Municipal Court are courts of record. The statute makes it clear that the Cleveland Municipal Court has the power and authority to execute or enforce a judgment of the common pleas court.

Once a judgment has been journa-

---

[1] "A Receiver should not have been appointed until the matters filed in Common Pleas Court had been fully determined."

lized, a party may commence proceedings to execute or enforce that judgment *unless* a stay of proceedings, pursuant to Civ. R. 62, has been granted. Subsection (A) of this rule provides that the court, in its discretion, may grant a stay pending the disposition of a motion for relief from judgment.

The record discloses that the municipal court stay was dissolved and there is no indication in the record that the common pleas court has entered any stay of execution of the subject judgment. In the absence of a demonstration that a stay has been granted, the appellees are entitled to execute upon their judgment. See, *e.g., Ohio Prime Meats, Inc.* v. *Levin* (July 29, 1982), Cuyahoga App. Nos. 44161, 44343 and 44884, unreported.

The assignment of error is not well-taken.

Accordingly, the municipal court's order appointing a receiver is affirmed.

*Judgment affirmed.*

JACKSON, P.J., and PATTON, J., concur.