CULLY, APPELLANT, *v.* LUTHERAN MEDICAL CENTER, APPELLEE.

(No. 53097 — Decided April 27, 1987.)

*Marie Cully, pro se.*

*Thompson, Hine & Flory, Michael J. Frantz, Daniel A. Ward* and *Carl H. Gluek,* for appellee.

*Per Curiam.* Appellant, Marie Cully, was discharged by her employer, appellee Lutheran Medical Center, on February 17, 1984. On February 18, 1986, appellant, acting *pro se,* filed a four-count complaint challenging her discharge. In the first count she alleged a breach of employment contract. The second count set forth additional claims for damages which flowed from the alleged breach. Her third count alleged that appellee libeled her in incident reports provided to the Ohio Bureau of Employment Services. Appellant alleged in the fourth count that appellee discharged her in retaliation for her filing a Title VII action (see Section 2000e *et seq.,* Title 42, U.S. Code) in federal court for wage discrimination.

Appellee moved to dismiss or, in the alternative, for summary judgment. In its brief below, appellee argued that the prior adverse judgment in federal court was *res judicata* since appellant's claims had been, or could have been, adjudicated in that action. Appellee further argued that any remaining claims were barred by collateral estoppel because the issue of the reason for appellant's termination had been resolved against her. Appellee attached to its motion a copy of the district court's opinion in *Cully* v. *Lutheran Medical Ctr.* (Dec. 31, 1985), N.D. Ohio No. C85-1314, unreported. The district court found that appellant had been discharged for repeated instances of unprofessional conduct and insubordination.

Finally, appellee argued in the trial court that appellant's claim for libel was time-barred since it was apparent from the face of the complaint that the action had been filed beyond the one-year statute of limitations set forth in R.C. 2305.11(A).

The trial court granted appellee's motion without opinion and dismissed appellant's action with prejudice.

Marie Cully on appeal to this court asserts a single assignment of error which reads:

"The court erred in dismissing this case with prejudice before the United States Court of Appeals for the Sixth Circuit ruled on plaintiff's related appeal taken from the United States District Court."

Appellant argues that the trial court erred in applying the principle of *res judicata* because the judgment of the district court is pending on appeal. The parties have not briefed any other issues, and pursuant to App. R. 12(A) our review will be limited accordingly.

It is well-settled that the pendency of an appeal does not prevent the judgment's effect as *res judicata* in a subsequent action. *King Steel Sales Corp.* v. *Hanover Steel Corp.* (Dec. 19, 1983), Cuyahoga App. No. 46762, unreported; *Ashley* v. *Ashley* (1962), 118 Ohio App. 155, 160, 25 O.O. 2d 13, 16, 193 N.E. 2d 535, 539; *Armstrong* v. *Armstrong* (1954), 99 Ohio App. 7, 13, 58 O.O. 79, 82, 130 N.E. 2d 710, 715. If the federal judgment is reversed on appeal, appellant's remedy would be by motion for relief from judgment pursuant to Civ. R. 60(B)(4). *King Steel Sales Corp., supra.*

Accordingly, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

KRUPANSKY, DYKE and PARRINO, JJ., concur.

PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.