Appellant, David W. Tomchik, appeals two decisions of the Columbiana County Court of Common Pleas granting summary judgment in favor of appellees, New York Life Insurance Company and Metropolitan Life Insurance Company.
On January 16, 1994, appellant, a licensed podiatrist, had his thumb amputated while operating a band saw at his home. Appellant filed claims for benefits from his disability insurers, New York Life Insurance Company [hereinafter New York Life] and Metropolitan Life Insurance Company [hereinafter MetLife]. MetLife denied appellant's claim, and on September 21, 1994 filed a declaratory judgment action in the Columbiana County Court of Common Pleas. New York Life, although initially paying appellant's claim under a reservation of rights, eventually stopped payment, and on August 25, 1995, filed its own complaint in the same court. New York Life's complaint sought the recision of one policy, as well as a declaration that appellant was not entitled to benefits under that or any of the other policies. At issue in both cases was whether appellant had intentionally amputated his thumb.
On February 12, 1996, appellant filed a motion to consolidate the two cases. MetLife objected to consolidation on the grounds that appellant had filed a counterclaim for bad faith against MetLife but no such claim had been filed against New York Life. In order to facilitate the consolidation, appellant voluntarily dismissed the bad faith claim against MetLife, and the two cases were consolidated on March 5, 1996.
On October 25, 1996, appellant obtained new counsel. Appellant then sought to file amended counterclaims in bad faith against both appellees. On February 4, 1997, the trial court denied appellant's request, ruling that appellant had preserved his right to file his bad faith claims at a later time if appellees did not prevail at trial.
A jury trial commenced on June 23, 1997. On July 1, 1997, the trial court granted New York Life's motion for mistrial. Following the mistrial, on August 27, 1997, the two cases were bifurcated. The MetLife case was tried first with a jury trial commencing on March 2, 1998. On March 18, 1998, in response to a submitted interrogatory the jury found that appellant had intentionally severed his right thumb and returned a verdict in favor of MetLife. On April 2, 1998, appellant filed a notice of appeal in the MetLife case, which appeal is currently pending before this court. See Metropolitan Life Ins. Co. v. Tomchik, Columbiana App. No. 98-CO-22.
During the course of the trial, on March 5, 1998, appellant filed a complaint against MetLife in the Stark County Court of Common Pleas. The complaint alleged bad faith on the part of MetLife and sought punitive damages. Following the jury verdict in the MetLife declaratory judgment action, on April 15, 1998 appellant filed a motion to stay proceedings on the bad faith claim against MetLife.
On April 13, 1998, appellant moved for a stay of proceedings in the New York Life case based on pendency of the appeal in the MetLife declaratory judgment action. Appellant argued that the stay was in the interest of judicial economy as both cases involved substantially similar questions of law and fact. The following day, April 14, 1998, New York Life filed a motion for summary judgment arguing that because a jury had found that appellant had intentionally amputated his thumb in the MetLife case, appellant was collaterally estopped from claiming the amputation was accidental in the New York Life case. As such, appellee claimed it was entitled to judgment as a matter of law on its declaratory judgment action and that its request for recision of the one policy was rendered moot inasmuch as appellant would not be entitled to benefits under it anyway. Appellant did not respond to appellee's motion, and on April 29, 1998, the trial court granted summary judgment in favor of New York Life, effectively denying appellant's motion for a stay of proceedings. On May 19, 1998, appellant filed a timely notice of appeal from this decision of the trial court (Case No. 98-CO-38).
Meanwhile, on May 12, 1998, finding the matter had no connection to Stark County, the Stark County Court of Common Pleas, upon the request of MetLife, transferred the bad faith complaint to Columbiana County. On June 1, 1998 MetLife responded to appellant's motion to stay proceedings and filed a cross motion for summary judgment based on the collateral estoppel effect of the jury verdict in the MetLife declaratory judgment action. On October 23, 1998, the trial court granted MetLife's motion for summary judgment and appellant's complaint was dismissed. On November 2, 1998, appellant filed a timely notice of appeal from this decision of the trial court (Case No. 98-CO-71).
On November 6, 1998, appellant filed a motion to consolidate these two appeals, Nos. 98-CO-71 and 98-CO-38, as both cases raised identical issues. Appellant's motion was granted by this court on March 1, 1999.
Appellant's sole assignment of error in both cases states:
 "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON GROUNDS OF COLLATERAL ESTOPPEL IN LIEU OF APPELLANT'S MOTION FOR STAY OF PROCEEDINGS WHERE THE CASE UPON WHICH APPELLEE BASED ITS CLAIM OF PRECLUSION IS PENDING APPEAL."
Appellant does not challenge the application of collateral estoppel per se, but rather the timing of it.
Appellant's argument is that the trial court should have stayed the proceedings in the instant cases pending resolution of the appeal filed in the MetLife declaratory judgment action. However, appellant concedes that this position finds no support in the limited number of Ohio courts that have decided the issue. Indeed, appellant notes that Ohio appellate courts have concluded that a judgment which fully disposes of a case is a final judgment for purposes of collateral estoppel, even if that judgment is pending appeal. As appellant notes, the proper remedy if the judgment is reversed on appeal is to petition the trial court to vacate the judgment in the second action pursuant to Civ.R. 60 (B) (4), (citing Cully v. LutheranMedical Ctr. [1987], 37 Ohio App.3d 64). Appellant even concedes that the rule in Ohio is the approach endorsed by the authors of the Restatement (Second) of Judgments.
Notwithstanding a veritable gamut of authority, appellant nonetheless urges this court to reverse the decision of the trial court, and in effect, to rule contrary to every other Ohio court to have considered the issue, based on nothing more than a critique of the rule made by a legal commentator. Appellant directs our attention to 9 A.L.R.2d 986, wherein E. H. Schopler writes that the only safe way of avoiding conflicting judgments on the same issue is to delay the final decision in the second action until the decision on appeal has been rendered.
In response, appellees point out, as did appellant, that the law of Ohio is well settled and that the pendency of an appeal does not preclude the application of collateral estoppel. Appellees also note that if this court were to overturn the jury verdict in the MetLife declaratory judgment action, appellant could move to vacate the trial court's decisions under Rule 60 (B) (4). According to appellees, because the trial court properly granted summary judgment based upon the collateral estoppel effect of the jury verdict in the MetLife declaratory judgment action, the trial court did not err in refusing to stay the proceedings.
It is well settled that the pendency of an appeal does not prevent the judgment's effect as res judicata in a subsequent action. Cully, supra, at 65. If the judgment is reversed on appeal, appellant's remedy is by motion for relief from judgment pursuant to Civ.R. 60 (B) (4). Appellant offers no persuasive reason for disturbing what is well settled law in the state of Ohio.
Appellant's sole assignment of error is without merit.
The judgments of the trial court are hereby affirmed.
Cox, J., concurs
Vukovich, J., concurs
 APPROVED: ______________________________ Gene Donofrio Presiding Judge