The STATE of Ohio, Appellee,

v̇.

CROSBY, Appellant.

[Cite as State v. Crosby, 174 Ohio App.3d 97, 2007-Ohio-6511.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–060986.

Decided Dec. 7, 2007.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

Lyons & Lyons and Robert H. Lyons, for appellant.

PATRICK DINKELACKER, Judge.

{¶ 1} Defendant-appellant, John Crosby, appeals a conviction for driving under suspension under R.C. 4510.14. We find no merit in his sole assignment of error, and we affirm the trial court's judgment.

{¶ 2} The record shows that Crosby was arrested in the city of Mason in Warren County, Ohio, for driving under the influence of alcohol ("DUI"). Because he allegedly refused to take a breath test, his driver's license was suspended from June 24, 2006, to June 24, 2007. He appealed the administrative license suspension.

{¶ 3} On July 11, 2006, Crosby was arrested for and charged in Hamilton County with driving under suspension. The parties stipulated to most of the fundamental facts of the case, including an entry from the Mason Municipal Court granting a temporary stay of the administrative license suspension in the DUI case. The entry was dated September 20, 2006, but it stated that the stay was effective from June 24, 2006. It further stated that "[d]uring the stay period, Petitioner shall be entitled to full privileges."

{¶ 4} The trial court rejected Crosby's argument that the stay invalidated the driving-under-suspension charge. It found him guilty and imposed sentence. This appeal followed.

{¶ 5} In his sole assignment of error, Crosby argues that the trial court erred in convicting him of driving under suspension. He argues that because of the retroactive stay, he was never under suspension and could not have been convicted of driving under suspension. We disagree.

{¶ 6} Crosby relies heavily on *State v. Hochhausler*,[1] in which the Ohio Supreme Court declared a portion of former R.C. 4511.19 unconstitutional. It held that a provision that prohibited any court from granting a stay of an administrative license suspension violated the separation-of-powers doctrine.[2]

1. (1996), 76 Ohio St.3d 455, 668 N.E.2d 457.

2. Id. at 463–464, 668 N.E.2d 457.

But the issue in this case is not whether the Mason Municipal Court had the power to impose a stay. Clearly, it did. The question is whether it could have made that stay retroactive to affect conduct before it was entered.

{¶ 7} The Ohio Supreme Court has held that a stay " 'does not reverse, annul, undo, or suspend what has already been done or what is not specifically stayed.' " [3] It does not " 'turn back the clock,' " but instead "preserve[s] the status quo[.]" [4] We find no authority authorizing a retroactive stay because no such concept exists in Ohio law. In fact, one Ohio Supreme Court justice has described a retroactive stay as "a remedy that is previously unknown to the law." [5]

{¶ 8} Crosby could have obtained a stay as soon as he appealed the administrative license suspension.[6] Because he did not, the state could enforce the suspension in this case.[7] We find his arguments extremely disingenuous. He drove a car, knowing full well that his driver's license was suspended. He obtained a stay several months after the fact and now contends that it nullified the suspension. But a stay cannot nullify the suspension; it merely suspends the proceedings.

{¶ 9} This case is distinguishable from *First Merit Mtge. Corp. v. Kolm*,[8] upon which Crosby relies. That case involved an automatic stay in bankruptcy proceedings. As the court specifically noted, the automatic stay in a bankruptcy proceeding becomes effective immediately upon the filing of the bankruptcy petition, without judicial proceedings. Because a sheriff's sale occurred after the filing of the petition when the stay was effective, the sale was void. That case did not involve a retroactive stay.

{¶ 10} We hold that the trial court properly convicted Crosby of driving under suspension. Consequently, we overrule his assignment of error and affirm his conviction.

Judgment affirmed.

---

3. *Laidlaw Waste Sys., Inc. v. Consol. Rail Corp.* (1999), 85 Ohio St.3d 413, 416, 709 N.E.2d 124.

4. Id.

5. *State ex rel. Gen. Assembly v. Brunner*, 115 Ohio St.3d 103, 2007-Ohio-4460, 873 N.E.2d 1232, ¶ 31 (Cupp, J., dissenting).

6. See Crim.R. 57(B); Civ.R. 62(B).

7. See *Walther v. Walther* (1995), 102 Ohio App.3d 378, 384, 657 N.E.2d 332; *Cusik v. Busler* (Sept. 26, 1991), 8th Dist. No. 59082, 1991 WL 191843; *Piazza v. R. & S. Sarver, Inc.* (1984), 17 Ohio App.3d 177, 177–178, 478 N.E.2d 256.

8. (Sept. 18, 2000), 5th Dist. No. 1999CA00363, 2000 WL 1369980.

SUNDERMANN, P.J., concurs.

CUNNINGHAM, J., dissents.

CUNNINGHAM, J., dissenting.

{¶ 11} I am constrained to dissent from the majority's opinion. The trial court convicted Crosby of driving on July 11, 2006, under an administrative license suspension ("ALS"). To convict Crosby of this offense, the state was required to prove that Crosby had operated a motor vehicle upon a public road or highway during the period of an administrative license suspension.[9] The state could not prove this because the Mason Municipal Court presiding over Crosby's ALS appeal had retroactively stayed the suspension to the date of the DUI arrest, which had occurred prior to July 11, 2006. The state did not directly challenge the Mason Municipal Court's authority to impose this retroactive stay.

{¶ 12} By ignoring the express terms of the stay in the Mason Municipal Court's order, the trial court collaterally attacked the order without determining that the circumstances justifying a collateral attack existed. "The objective of a collateral attack is to modify a previous judgment because it is allegedly ineffective or flawed for some fundamental reason."[10] The Ohio Supreme Court has recently held that a collateral attack is proper "when the issuing court lacked [subject matter] jurisdiction or when the order was the product of fraud."[11] A collateral attack may also be appropriate when the court acts in a manner contrary to due process, rendering the judgment void.[12] In the absence of these fundamental deficiencies, a judgment is considered " 'valid' " even though it may be "flawed."[13] And a sister court must abide by the issuing court's judgment where it would otherwise be binding upon the parties.[14]

{¶ 13} In conclusion, I would hold that the trial court erred in convicting Crosby of driving under an administrative license suspension, where the stipulated record demonstrated that Crosby's license was not under suspension due to

9. R.C. 4510.14.

10. *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, at ¶ 19.

11. Id. at ¶ 23.

12. See *Plant Equip., Inc. v. Nationwide Control Serv., Inc.*, 155 Ohio App.3d 46, 2003-Ohio-5395, 798 N.E.2d 1202, at ¶ 14–15, citing *AMCA Internatl. Corp. v. Carlton* (1984), 10 Ohio St.3d 88, 10 OBR 417, 461 N.E.2d 1282.

13. *Ohio Pyro* at ¶ 25. See, also, *State ex rel. Beil v. Dota* (1958), 168 Ohio St. 315, 319–322, 7 O.O.2d 36, 154 N.E.2d 634.

14. See, generally, *Ohio Pyro*, supra; *State ex rel. Beil*, supra.

the Mason Municipal Court's retroactive stay order, and where the trial court did not determine that the circumstances justified a collateral attack on that order.