**In re G. FORCE INVESTMENTS, INC., Debtor(s).**

**No. 10–34877.**

United States Bankruptcy Court, N.D. Ohio.

Nov. 18, 2010.

Randy Lee Reeves, Lima, OH, for Debtor.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on the Motion for Relief from Stay filed by Cam Farms, LLC, a creditor. (Doc. No. 19). The Debtor, G. Force Investments, Inc., filed a response to this Motion, objecting to the relief sought. (Doc. No. 28). Also pending before the Court are two Motions related to the Motion for Relief from Stay: (1) a Motion to Dismiss this case filed by the Creditor, Cam Farms, (Doc. No. 20); and (2) a Motion to Assume Lease or Executory Contract filed by the Debtor, G. Force Investments, (Doc. No 14).

A Hearing was held by the Court on the Creditor's Motion for Relief from Stay. (Doc. No. 30). At the Hearing, the Court afforded the Parties the opportunity to submit briefs so as to address the issues raised by the Creditor's Motion. Both the Debtor and the Creditor have since filed briefs in support of their respective positions. (Doc. No. 36 & 37). The Court has now had the opportunity to review the arguments of the Parties, as well as the entire record in this case. Based upon this review, the Court, for the reasons set forth herein, finds that the Motion of the Creditor for Relief From Stay should be Granted.

### FACTS

The Creditor, Cam Farms, LLC (hereinafter the "Creditor"), is the fee-simple owner of a certain parcel of real property in the State of Ohio. For this property, the Debtor, G. Force Investments, Inc. (hereinafter the "Debtor"), and the Creditor entered into a lease purchase agreement. This Agreement is dated August 1, 2008, and was entered into by the Debtor for business purposes.

On March 17, 2010, the Creditor brought a complaint in state court against the Debtor, seeking to take repossession of the leased property. In its complaint, the

Creditor alleged that the Debtor breached material terms of the Parties' lease agreement by (1) failing to pay rent and taxes, and (2) by failing to keep the premises adequately insured. On these averments, a judgment was thereafter entered in the Creditor's favor. This judgment, entitled "Judgment Entry/Writ of Restitution" was entered on April 19, 2010. The Debtor then, on May 17, 2010, filed an appeal of this judgment. As a part of the appeal, the Debtor also filed a motion in state court to stay the Writ of Restitution, but this motion was subsequently denied by the court on June 2, 2010.

On July 16, 2010, the Debtor filed a petition in this Court for relief under Chapter 11 of the United States Bankruptcy Code. Since the commencement of its bankruptcy case, the Debtor has, pursuant to 11 U.S.C. § 1107(a), operated as a debtor-in-possession.

At the time it sought bankruptcy relief, the Debtor disclosed that it did not have any assets. For its liabilities, the Debtor disclosed that it had an unsecured obligation of $140,000.00, consisting of its lease agreement with the Creditor. The Debtor's remaining liabilities totaled just $646.65.

Through its bankruptcy, the Debtor seeks to assume its lease with the Creditor. The Creditor has objected to the Debtor's assumption of the lease agreement, filing a Motion for Relief from Stay and a Motion to Dismiss.

## DISCUSSION

Before this Court is the Creditor's Motion for Relief from Stay and the Debtor's objection thereto. The Parties have agreed that a determination of the Creditor's Motion for Relief from Stay is dependent on the resolution of a single issue: Is the Parties' lease agreement capable of being assumed by the Debtor pursuant to 11 U.S.C. § 365?

The matter before the Court, as it involves determinations concerning the automatic stay and the assumption of leased property, is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G)/(M). Accordingly, this Court has been conferred with the jurisdictional authority to enter final orders and judgments in this matter. 28 U.S.C. § 157(b)(1).

The Bankruptcy Code affords special treatment for executory contracts and unexpired leases, Pursuant to § 365(a) of the Bankruptcy Code, the trustee—and by extension, a debtor-in-possession [1]—is conferred with the power to assume or reject any executory contract or unexpired lease to which the debtor was a party prior to the commencement of the bankruptcy case.

The power to assume or reject executory contracts and leases provides the estate with a significant benefit. By allowing for the assumption of executory contracts and leases, the estate is able to receive the benefit of those contractual obligations which are determined to be profitable for the estate. Conversely, for those obligations which are not anticipated to be profitable, the right to reject executory contracts and leases allows the estate to relieve itself of the burdensome obligation. *See, e.g., Phar–Mor, Inc. v. Strouss Bldg. Associates,* 204 B.R. 948, 953 (N.D.Ohio 1997) ("The ultimate purpose behind section 365 is to allow a trustee to pick and choose among the debtor's agreements and assume those which benefit the estate and reject those which do not.").

No creditor or other party in interest can force the estate to assume or reject

---

1. 11 U.S.C. § 1107(a).

an executory contract or lease under § 365. *In re Valley View Shopping Center, L.P.,* 260 B.R. 10, 39(Bankr.D.Kan.2001). Thus, whether the estate should seek to assume or reject an executory contract or lease lies within the sole discretion of the trustee or the debtor-in-possession, as the case may be. In this matter, the Debtor, as a debtor-in-possession, seeks to assume its lease with the Creditor.

The right of a debtor-in-possession to assume a lease is subject to court approval and is circumscribed in a number of respects. 11 U.S.C. § 365(b). Prominently, when there has been a prepetition default by the debtor-in-possession, the lease may only be assumed if three conditions are met: (1) the debtor cures the default or provides adequate assurance that the default will be cured; (2) the debtor compensate the lessor for its pecuniary loss or provide adequate assurance that it will; and (3) the debtor must provide adequate assurance of future performance on the contract. 11 U.S.C. § 365(b)(1)(A)–(C).

In this matter, the Debtor does not dispute that it is in material default of the Parties' lease agreement. To cure the default, and assume the lease, the Debtor has proposed to pay the full lease purchase price of $140,000.00. (Doc. No. 28). The Debtor has also provided proof that the leased property is currently insured. *Id.* Yet, notwithstanding the Debtor's proposed cure of the lease, the Creditor takes the position that the Parties' lease is not capable of being assumed because, on account of the state-court judgment and order of restitution, the lease had been terminated prior to the commencement of this case. Simply put, it is the Creditor's position that no lease even exists for the Debtor to assume. (Doc. No. 36).

■ A debtor may only use § 365(a) to assume a lease which is still in existence. Therefore, as put forth by the Creditor, a lease which has been terminated or which has expired is not capable of being assumed under § 365(a). This limitation is statutory, with § 365(c)(3) specifically providing that a debtor-in-possession "may not assume or assign any ... unexpired lease of the debtor ... if ... such lease is of nonresidential real property and had been *terminated* under applicable nonbankruptcy law prior to the order for relief." (emphasis added).

■ A lease may be considered terminated for purposes of § 365(c)(3) when either the stated term of the lease has run or the landlord-tenant relationship is severed through the legal process such as through an eviction proceeding. *Robinson v. Chicago Housing Authority (In re Robinson),* 54 F.3d 316, 319 (7th Cir.1995). As set forth in § 365(c)(3), this determination is made according to applicable nonbankruptcy law, usually state law. In this case, therefore, since the situs of the property subject to the Parties' lease is located in Ohio, the law of Ohio will apply regarding whether the Parties' lease has been terminated.

■ In Ohio, a lease for real property is a contract as well as a conveyance of an interest in that property. *Fairborn Apts. v. Herman* (Jan. 31, 1991), Greene App. No. 90 CA 28, 1991 WL 10962, unreported. Under Ohio law, a contract, and thus a lease, may be terminated by a judgment entered by a court of competent jurisdiction. *See generally* O.R.C. § 2721, *et seq.* (affording court power to construe parties' rights, status, or other legal relations under a contract). Pursuant to Rule 58, of Ohio's Rules of Civil Procedure, a judgment entry becomes effective at the

time of its journalization.[2] Ohio law also provides that "[o]nce a judgment has been journalized, a party may commence proceedings to execute or enforce that judgment unless a stay of proceedings, pursuant to Civ.R. 62, has been granted." *Piazza v. R. & S. Sarver, Inc.*, 17 Ohio App.3d 177, 177–78, 478 N.E.2d 256 (1984).

◼ Prior to the commencement of this bankruptcy case, the Creditor was awarded the right to retake possession of its property when the state court entered the order entitled "Judgment Entry/Writ of Restitution." This judgment was entered on April 19, 2010, and was presumably journalized shortly thereafter. The Debtor was subsequently denied by the state court a stay of this judgment. Therefore, beginning on April 19, 2010, the Debtor had no right to possess the leased property, with all interests in the property having reverted to the Creditor.

Having no right to possess the leased property, it follows that, at the very latest, the lease agreement between the Parties ceased to have any efficacy beginning on April 19, 2010. In this regard, a lease of real property is a contract by which an owner or rightful possessor of real property conveys the right to use and occupy the property in exchange for consideration. *Kanistros v. Holeman*, Not Reported in N.E.2d, 2005 WL 388178 *2 (Ohio App. 2 Dist.2005). The right to maintain possession of the leased property by the lessee is, thus, a necessary incident to a lease agreement. 65 OHIO JUR. 3d Landlord and Tenant § 140.

From this application of Ohio law, all arrows naturally point to April 19, 2010,

constituting the date on which the Parties' lease terminated for purposes of Bankruptcy Code § 365. The Debtor counters that, on account of its appeal of the state-court decision, the termination of the Parties' lease was not yet complete, and therefore its right to assume the lease was preserved. The Court, however, finds this position to lack legal support.

◼ Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts are required to " 'give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.' " *Baker v. General Motors Corp.*, 522 U.S. 222, 246, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998), *quoting Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). For purposes of Ohio law, "[i]t is well-settled that the pendency of an appeal does not prevent the judgment's effect as res judicata in a subsequent action." *Cully v. Lutheran Medical Center*, 37 Ohio App.3d 64, 523 N.E.2d 531 (1987).

Accordingly, despite the pendency of the Debtor's appeal in state court, this Court is bound to give the "Judgment Entry/Writ of Restitution" as entered by the state court the same preclusive effect as it would be given by an Ohio state court. This effect, by allowing the Creditor to immediately execute on the state-court judgment, necessarily involves the prepetition termination of the Parties' lease agreement under state law and, therefore, by extension under § 365 of the Bankruptcy Code. Not only does this outcome comport with Ohio law, but to hold otherwise

---

**2.** This Rule provides:

Subject to the provisions of Rule 54(B), upon a general verdict of a jury, upon a decision announced, or upon the determination of a periodic payment plan, the

court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it upon the journal. A judgment is effective only when entered by the clerk upon the journal.

would likely run afoul of the Rooker–Feldman doctrine which generally holds that federal district courts lack jurisdiction to entertain collateral attacks on state judgments. *Lowe v. Hearst Comm'ns, Inc.,* 487 F.3d 246, 250–52 (5th Cir.2007).

The Debtor's reliance on the case of *Moody v. Amoco Oil,* 734 F.2d 1200, 1212 (7th Cir.1984), does not change this result. In support of its right to assume the lease with the Creditor, the Debtor cited to the case of *Moody v. Amoco Oil,* and a specific statement therein. This statement provided that to preclude the assumption of a lease because of its termination, "the termination must be complete and not subject to reversal, either under the terms of the contract or under state law."

For this statement, the Debtor, as expected, placed particular emphasis on the "not subject to reversal" language. And when taken in isolation, this language does lend support for the position that a pending appeal can operate to save a lease from termination. Yet, as with all pronouncements, the Court's statement in *Moody v. Amoco Oil* must be considered in its full context.

In *Moody v. Amoco Oil,* the Court was not addressing whether, as is the situation here, a debtor's appeal of a decision affecting a prepetition lease agreement can then operate to save the agreement from being considered terminated for purposes of § 365. Instead, the statement relied upon by the Debtor in *Moody v. Amoco Oil* was made in the context of a different issue: Could an executory be cured when, although notice of its termination was properly effectuated prepetition, the agreement did not actually terminate until after the debtor had filed for bankruptcy relief? This circumstance arose because, under the terms of the parties' agreement, it was set forth that termination would only be-

come effective ninety days after notice of its termination had been provided.

Under these conditions, the Court held that the debtor had no right to cure its breach of the parties' executory contract, explaining:

> The fact that the termination itself was not effective for ninety days does not affect the result. The filing of the chapter 11 petition cannot expand debtors' rights as against [creditor]. When the termination notice was sent, debtors only had a right to ninety days' worth of dealership contracts. The filing of the petition does not expand that right.

Thus, with a different issue before the court in *Moody v. Amoco Oil,* and with the court ultimately denying the debtors' request to assume an executory contract, the decision in *Moody v. Amoco Oil* cannot be read so as to support the Debtor's position.

In sum, when a lease has been terminated by a judgment entered by a court having jurisdiction over the lease, and where no stay of that judgment is in effect, an appeal of that judgment cannot be used in combination with the assumption process of § 365 to resurrect the lease. The bell in this type of circumstance simply cannot be unrung. This is not to say that the Debtor is totally without recourse. As noted in the case of *Cully v. Lutheran Medical Center,* as cited earlier, should the Debtor ultimately prevail in its appeal, it may seek to have this Court's decision set aside in accordance with Rule 60(b). *Id.* at 37 Ohio App.3d at 65, 523 N.E.2d 531. However, until such time that the judgment of the state court is reversed, the status of the lease between the Parties is and must remain terminated for purposes of § 365.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of both

parties, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion of the Debtor, G. Force Investments, Inc., to Assume Lease or Executory Contract, be, and is hereby, DENIED.

*IT IS FURTHER ORDERED* that the Motion of the Creditor, Cam Farms, LLC, for Relief From Stay, be, and is hereby, GRANTED.

*IT IS FURTHER ORDERED* that on the Motion of the Creditor to Dismiss, a hearing is hereby set for Tuesday, November 23, 2010, at 1:30 P.M., in Courtroom No. 1, Room 119, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.