[Cite as *State v. Gordon*, 2018-Ohio-2682.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. John W. Wise, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 17 CAC 12 0075 |
| TIFFANY L. GORDON | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:    Criminal appeal from the Delaware
                            Municipal Court, Case No. 17TRD08457

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     July 9, 2018

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

MELISSA SCHIFFEL                    MICHAEL DALSANTO
Delaware City Attorney's Office     33 West Main Street, Ste. 106
70 North Union Street               Newark, OH 43055
Delaware, OH 43015

*Gwin, J.*

**{¶1}** Defendant-appellant Tiffany Gordon ["Gordon"] appeals her conviction and sentence for driving under an OVI suspension in violation of R.C. 4510.14 in the Delaware Municipal Court.

*Facts and Procedural History[1]*

**{¶2}** On July 1, 2016, Gordon was charged with Operating a Vehicle under the Influence in violation of R.C. 4511.19(A)(1)(a) in the Mount Vernon Municipal Court. On that date, Gordon was placed under a one-year Administrative License Suspension ("ALS") due to a "refusal." On December 7, 2016, Gordon pleaded guilty to a violation of R.C. 4511.19(A)(1)(a). The Mount Vernon Municipal Court terminated the ALS and suspended her license for 365 days. The Court "back-dated" the suspension to July 15, 2016, giving her credit for the ALS she had served between the date of arrest and the date of the plea.

**{¶3}** On May 9, 2017, Gordon was driving in Delaware County. She was stopped and cited for operating a motor vehicle while under an OVI suspension. On May 10, 2017, Gordon entered a plea of not guilty in the Delaware Municipal Court. The case was set for a pre-trial conference on June 14, 2017.

**{¶4}** On May 16, 2017 upon Gordon's motion, the Mount Vernon Municipal Court filed the following Journal Entry,

> This matter came before the Court on Defendant, Tiffany Gordon's motion to reduce the length of her Class 5 driver's license suspension from 365 days to 180 days. The Defendant states that she has completed the

---

[1] This Court notes that there is no written transcript of the proceedings filed in this case; rather only a DVD of the bench trial held Nov 13, 2017. *See,* App.R. 9(A)(3).

Driver Intervention Program, attended AA meetings as required, kept all appointments with her Probation Officer, paid all fines and court costs, and is otherwise in full compliance with the Court's sentencing orders.

The Court finds the Defendant in full compliance with the Court's sentencing orders, and, therefore ORDERS that the length of her Class 5 driver's licenses suspension is reduced from 365 days to 180 day, beginning July 1, 2016.

*State v. Tiffany Gordon,* Mount Vernon Municipal Court, Case No. 16TRC02490, *Journal Entry*, filed May 16, 2017. This amendment had the effect of terminating the court-issued suspension on December 28, 2016, long before May 9, 2017.

{¶5} The matter was subsequently scheduled for a bench trial on November 13, 2017. At the bench trial, the parties stipulated to all relevant facts. The parties also agreed on the following legal issues:

16. The parties agree that on the date of offense. May 9th, 2017, Ms. Gordon was suspended out of Mount Vernon Municipal Court Case No. 16TRCO2490. The parties further agree that the Mount Vernon Municipal Court retroactively lifted her suspension on May 16th, 2017, eliminating the date of offense from the period of suspension.

17. In the view of the parties, the sole issue presented to the Court is the import of the May 16th, 2017, judgment entry as it relates to the criminal offense that allegedly occurred on May 9th, 2017.

{¶6} The trial court found Gordon guilty after consideration of the stipulated facts.

*Assignment of Error*

{¶7}    Gordon raises one assignment of error,

{¶8}    "1. THE APPELLANT'S CONVICTION FOR DRIVING UNDER OVI SUSPENSION IN VIOLATION OF R.C. 4510.14 WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE BECAUSE ALL EVIDENCE INTRODUCED AT TRIAL INDICATED THAT SHE WAS NOT SUSPENDED ON MAY 9, 2017."

*Law and Analysis*

{¶9}    In her sole assignment of error, Gordon argues her conviction for driving under an OVI suspension was not supported by sufficient evidence.  Specifically, Gordon contends the May 16, 2017 Journal Entry from the Mount Vernon Municipal Court had the effect of removing her OVI suspension retroactively, and, therefore, her driver's license was not suspended on May 9, 2017.

**STANDARD OF APPELLATE REVIEW.**

*A. Sufficiency of the Evidence.*

{¶10}   The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...."  This right, in conjunction with the Due Process Clause, requires that each of the material elements of a crime be proved to a jury beyond a reasonable doubt.  *Alleyne v. United States*, 570 U.S. __, 133 S.Ct. 2151, 2156, 186 L.Ed.2d 314 (2013); *Hurst v. Florida*, 136 S.Ct. 616, 621, 193 L.Ed.2d 504 (2016).  The test for the sufficiency of the evidence involves a question of law for resolution by the appellate court.  *State v. Walker,* 150 Ohio St.3d 409, 2016-Ohio-8295, 82 N.E.3d 1124, ¶30.  "This naturally entails a review of the elements of the charged offense and a review of the state's evidence."  *State v. Richardson,* 150 Ohio St.3d 554, 2016-Ohio-8448, 84 N.E.3d 993, ¶13.

{¶11} When reviewing the sufficiency of the evidence, an appellate court does not ask whether the evidence should be believed. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus; *Walker,* at ¶30. "The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus. *State v. Poutney,* Oh. Sup. Ct. No. 2016-1255, 2018-Ohio-22, 2018 WL 328882 (Jan. 4, 2018), ¶19. Thus, "on review for evidentiary sufficiency we do not second-guess the jury's credibility determinations; rather, we ask whether, '*if believed*, [the evidence] would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. Murphy*, 91 Ohio St.3d 516, 543, 747 N.E.2d 765 (2001), *quoting Jenks* at paragraph two of the syllabus (emphasis added); *Walker* at ¶31. We will not "disturb a verdict on appeal on sufficiency grounds unless 'reasonable minds could not reach the conclusion reached by the trier-of-fact.'" *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 94, *quoting State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997); *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶74.

<u>ISSUE FOR APPEAL</u>

*Whether, after viewing the evidence in the light most favorable to the prosecution, the evidence, "if believed, would convince the average mind of the Gordon's guilt on each element of the crime beyond a reasonable doubt."*

{¶12} Gordon was convicted of Driving under an OVI Suspension in violation of R.C. 4510.14(A), which provides,

(A) No person whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended under section 4511.19, 4511.191, or 4511.196 of the Revised Code or under section 4510.07 of the Revised Code for a conviction of a violation of a municipal OVI ordinance shall operate any motor vehicle upon the public roads or highways within this state during the period of the suspension.

**{¶13}** A municipal court in Ohio has jurisdiction over misdemeanors occurring within its territorial jurisdiction. R.C.1901.20 (A)(1). Thus, the Mount Vernon Municipal Court has jurisdiction over misdemeanors alleged to have occurred in Knox County; the Delaware Municipal Court has jurisdiction over misdemeanors alleged to have occurred in Delaware County. R.C. 1901.20(A) and (B). See also, *State v. Mbodji,* 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶11.

**{¶14}** In *Mbodji,* the Supreme Court noted the filing of a complaint invokes the jurisdiction of the municipal court. *Mbodji,* 129 Ohio St.3d 325, ¶12. Crim.R. 3 defines what constitutes a valid complaint. It states, "The complaint is a written statement of the essential facts constituting the offense charged." In addition, the rule requires that the complaint "state the numerical designation of the applicable statute or ordinance" and that it "be made upon oath before any person authorized by law to administer oaths."

**{¶15}** The complaint filed in this case in Delaware County was valid under Crim.R. 3. The complaint stated that Gordon on May 9, 2017 at 18:32 pm Gordon operated her 2004 Jeep on US Highway 23 North at Willey Road in the township of Troy in Delaware County while under an OVI suspension in violation of R.C. 4510.14(A). The complaint

was sworn to and signed by the officer.  Thus, the jurisdiction of the Delaware Municipal Court was properly invoked.

{¶16}  In her stipulation, Gordon agreed that she was under an OVI suspension issued by the Mount Vernon Municipal Court when she operated her vehicle in Delaware County on May 9, 2017.  Gordon does not dispute that the case was properly filed in the Delaware Municipal Court.

{¶17}  Viewing the evidence in the case at bar in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Gordon operated her vehicle in Delaware County on May 9, 2017 while under an OVI suspension.  We hold therefore that the state met its burden of production regarding driving under an OVI suspension and, accordingly, there was sufficient evidence to support Gordon's conviction.

{¶18}  The May 16, 2017 entry from the Mount Vernon Municipal Court was filed *after* Gordon committed the offense of driving under an OVI suspension in Delaware County.  The Mount Vernon Municipal Court cannot reverse, annul, undo, or suspend what has already been done.  We find no authority authorizing a municipal court to backdate a driver's license suspension.  *Cf. State v. Crosby,* 1st Dist. Hamilton No. C-060986, 2007-Ohio-6511, 880 N.E.2d 997, ¶7.

{¶19}  We find Gordon's arguments extremely disingenuous.  She drove a car on May 9, 2017 in Delaware County knowing full well that her driver's license was suspended.  She cannot escape responsibility for her actions by having the court that issued the suspension in a different jurisdiction backdate that suspension to relieve her of criminal liability for her actions.

{¶20}  Gordon's sole assignment of error is overruled.

{¶21}  The judgment of the Delaware Municipal Court is affirmed.


By Gwin, J.,

Wise, John, P.J., and

Delaney, J., concur